## PEOPLE v. KEUR.

1. INTOXICATING LIQUORS — SEARCHES AND SEIZURES — AFFIDAVIT
   FOR SEARCH WARRANT—SUFFICIENCY.
   Where an affidavit for a search warrant concluded ·with
   a date, and the only possible conclusion is that it had
   reference to the happening of the events narrated im-
   mediately preceding it, although it was not correctly
   punctuated, the affidavit was not fatally defective for fail-
   ure to allege the time.[1]

2. SAME—EVIDENCE—ADMISSIBILITY.
   In a prosecution for violation of the prohibition law, testi-
   mony that officers found liquor stored in a compartment
   built under the seat in a backhouse, and discovered three
   intoxicated men and defendant seated· at a table in the
   dwelling with a bottle of moonshine whisky before them
   was properly admitted in evidence, where the officers
   gained admittance by a valid search warrant.[2]

3. APPEAL AND ERROR—QUESTION MAY NOT BE RAISED FOR FIRST
   TIME IN APPELLATE COURT.
   The question of the invalidity of the search warrant be-
   cause it did not contain allegations of fact made in the
   affidavit therefor will not be reviewed by the Supreme
   Court where not raised on the trial.[3]

Exceptions before judgment from Muskegon; Van-
derwerp (John), J.    Submitted April 15, 1926.
(Docket No. 150.)    Decided April 30, 1926.

Jack Keur was convicted of violating the liquor law.
Affirmed.

*Wetmore & Bagley,* for appellant.

*Andrew B. Dougherty,* Attorney General, *R. Glen
Dunn,* Prosecuting Attorney, and *Robert H. Dunn,*
Assistant Prosecuting Attorney, for the people.

---

[1]Intoxicating Liquors, 33 C. J. § 371 (Anno); [2]Criminal Law,
16 C. J. § 1110; [3]Id., 17 C. J. §§ 3328, 3331.

Admissibility in evidence against defendant of documents or
articles taken from him, see notes in 59 L. R. A. 466; 8 L. R. A.
(N. S.) 762; 34 L. R. A. (N. S.) 58; L. R. A. 1915B, 834; L. R.
A. ·1916E, 715.

WIEST, J.     Defendant reviews, on exceptions before sentence, his conviction of a violation of the prohibition law, and, as the principal point he presents was decided adversely to his contention in *People* v. *Feltner, ante,* 209, we may make this opinion very brief.

An affidavit for a warrant to search the first story of his dwelling house and the outbuildings on his premises set forth:

"Deponent has seen whisky purchased on the premises, deponent has seen whisky on the premises, deponent has seen intoxicated persons on the premises, May 8, 1925."

Defendant's motion to suppress the evidence seized under the search warrant was denied and objections to its admission at the trial overruled.   . In the *Feltner Case* we held a similar affidavit with a like tailpiece date good, and we again make the same holding, intimating, however, that a little more care in justice's court is highly desirable and would materially lessen the work of reviewing liquor cases.

The officers in their search found three quarts of "moonshine" whisky in a little compartment built beneath the backhouse seat, and discovered three intoxicated men and defendant seated at a table in the dwelling with a bottle of "moonshine" whisky before them.     We think there was no error in admitting this testimony.     The officers were rightfully there in quest of liquor and the intoxicated men and the bottle of whisky were in plain view.

The point that the body of the warrant did not carry the allegations of fact made in the affidavit, and, therefore, was invalid under the holding in *People* v. *Moten,* 233 Mich. 169, was not raised in the circuit, and is not before us by way of any exception.

Counsel for defendant very frankly stated to the trial judge:

"If this evidence was properly obtained and this was a good search warrant and they had a right to introduce the testimony that has been introduced here, then there is no defense to this action at all."

Defendant offered no evidence. The exceptions have no merit. We are constrained to hold there was no defense.

The conviction is affirmed and judgment advised.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.