PEOPLE *v.* CASADONTE.

1. SEARCHES AND SEIZURES — AFFIDAVITS — SEARCH WARRANTS — DESCRIPTION OF PREMISES—SUFFICIENCY.
    An affidavit and search warrant describing the premises to be searched by the street number which still remained thereon and by which it had been and was *still known* to the mail carriers and all city departments except the city engineer's department, was sufficient, although a city ordinance providing for renumbering of houses had become effective.[1]

[1]Intoxicating Liquors, 33 C. J. §§ 372, 381.

2. SAME—SUFFICIENCY OF DATE.

An affidavit for a search warrant sufficiently alleged the date of the happening of the events narrated therein, where it concluded with a date and the only possible conclusion is that it referred thereto.[2]

3. CRIMINAL LAW — INTOXICATING LIQUORS — INTRODUCTION OF SEARCH WARRANT UNNECESSARY.

In a prosecution for violation of the prohibition law, it is unnecessary to introduce in evidence the search warrant under which evidence was obtained.[3]

4. SAME—VALIDITY OF SEARCH WARRANT DETERMINED ON MOTION TO SUPPRESS EVIDENCE.

All questions as to the validity of the search warrant under which evidence was obtained against one accused of violating the prohibition law should be determined on motion to suppress the evidence.[4]

5. SAME—QUESTION NOT RAISED ON TRIAL NOT CONSIDERED.

A question affecting the validity of a search warrant not raised in the trial court or by any exception will not be considered by the Supreme Court.[5]

Exceptions before judgment from Muskegon; Vanderwerp (John), J. Submitted April 15, 1926. (Docket No. 149.) Decided June 7, 1926.

Nick Casadonte was convicted of violating the liquor law. Affirmed.

*Willard J. Turner, Jr.,* for appellant.

*Andrew B. Dougherty,* Attorney General, *R. Glen Dunn,* Prosecuting Attorney, and *Robert H. Dunn,* Assistant Prosecuting Attorney, for the people.

FELLOWS, J. On February 14, 1925, armed with a search warrant the officers seized on defendant's premises one complete still, 250 gallons whisky mash and four gallons of moonshine whisky. In the affidavit and warrant the premises were described as 60

[2] Intoxicating Liquors, 33 C. J. § 371; [3] Id., 33 C. J. § 494 (Anno); [4] Criminal Law, 16 C. J. § 1110; [5] Id., 17 C. J. § 3328.

Ottawa street in the city of Muskegon; the grounds of belief in the affidavit were stated as follows:

"Deponent has seen whisky purchased on the premises. That deponent has seen persons go into Nicola Cassotonte home coming away with whisky, February 14, 1925."

Defendant's counsel seasonably made a motion to suppress the evidence and urged:

(1) That the city had by ordinance effective January 1, 1925, provided for a renumbering of the houses under the direction of the city engineer, and that the defendant's premises under such plan had become 577 Ottawa street and such new numbers had been placed on the premises and therefore the search was unlawful under *People* v. *Musk*, 221 Mich. 578; and

(2) That the allegation in the affidavit above quoted did not sufficiently fix the date.

1. Upon the hearing of the motion to suppress, a counter showing was made tending to prove that while the ordinance was by its terms effective January 1, 1925, the amount of work entailed in changing the numbers of all the houses in the city had prevented its being actually put into effect; that the number 577 had not been put on defendant's premises but the number thereon, and the only number thereon was 60, and that it was at the time of the search known and known only as 60 Ottawa street by the mail carriers and by all city departments except the department of the city engineer. In short, the affidavits submitted by the people tended to show that while on paper in the engineer's office the number appeared as 577, in actuality it was still No. 60 Ottawa street. With this proof before him, the trial judge did not err in holding that the premises were sufficiently described.

2. The affidavit before us does not differ materially from those before us in *People* v. *Feltner*, 234 Mich.

209, and *People* v. *Keur,* 234 Mich. 621, and upon the authority of these cases will be sustained.

At the close of the proofs defendant's counsel asked for a directed verdict because the search warrant had not been introduced. We do not perceive the necessity of its introduction in evidence on the trial of the case. It was before the court on the motion to suppress, where, under the uniform holdings of this court, all questions of the validity of the search should be determined. Counsel for defendant in this court insists that the search warrant was invalid under the holding in *People* v. *Moten,* 233 Mich. 169, but this question was not raised in the court below or by any exception and we need not consider it.

The exceptions will be overruled, and the case remanded for judgment.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.