ZECKENDORF *v.* COTT.

LANDLORD AND TENANT—TERMINATION OF LEASE.

Under provision of lease that it should terminate at time trial of condemnation proceedings commenced, it was terminated when first trial commenced, and it is immaterial that it resulted in mistrial, due to death of one of jurors, and that second trial was necessary.

On condemnation of premises or part thereof as terminating lease, see annotation in 43 A. L. R. 1176; 53 A. L. R. 686.

Appeal from Wayne; Chenot (James E.), J. Submitted June 14, 1932. (Docket No. 111, Calendar No. 36,591.) Decided September 16, 1932.

Two actions of assumpsit by A. L. Zeckendorf and another against Richard A. Cott and another, doing business as Cass Motor Sales, for rent due under a lease. Cases consolidated for trial. From judgment rendered, plaintiffs appeal. Affirmed.

*Monaghan, Crowley, Reilley & Kellogg* (*Bartlette E. Nutter,* of counsel), for plaintiffs.

*Peter P. Boyle,* for defendants.

POTTER, J. Plaintiffs sued defendants to recover rent alleged to be due, counting on a written lease and on the common counts in assumpsit. The lease sued upon provides:

"That, if during the demised term, proceedings shall be instituted under the power of eminent domain, which shall result in an eviction, total or partial, of the tenant, that at the time the trial of such proceedings shall commence, this lease shall be void and the term above demised shall cease and terminate, and, if the tenant continue in possession, the tenant shall be a tenant from month to month, and for no longer term, anything in this instrument to the contrary notwithstanding."

Defendants, in answer, set up the clause of the lease above quoted, allege proceedings were commenced in the recorder's court for the city of Detroit to condemn a part of the demised property; impaneling a jury in the condemnation suit commenced December 3, 1928, was completed January 3, 1929, the jury sworn January 10, 1929; and the same resulted in a total and partial eviction of defendants, and consequently they were not liable upon the

lease. From a judgment for plaintiffs and against defendants for $582 and costs, plaintiffs appeal.

Proceedings were instituted under the power of eminent domain to condemn that part of the premises described in defendants' plea and answer in the recorder's court of the city of Detroit, November 17, 1927. A jury was impaneled and the trial of said condemnation proceedings commenced as indicated in defendants' plea and answer. April 18, 1930, one of the jurors therein died, a mistrial was declared, a new jury impaneled, the case tried over, and a verdict rendered by the second jury February 16, 1932. During the demised term proceedings were instituted which resulted in a partial eviction of defendants. The trial of such condemnation proceedings commenced when the jury was first sworn— at least when the jury viewed the premises. The lease does not provide it shall terminate at the commencement of any particular trial or at the commencement of a trial which shall result in a condemnation of a part of the premises and award in damages. "At the time the trial of such proceedings shall commence, this lease shall be void and the term above demised shall cease and terminate." This means the commencement of any trial of the condemnation proceedings instituted, which proceedings result in a verdict and eviction. This provision was undoubtedly inserted in the lease to prevent defendants as tenants from participating in the award made by the jury. The fact there was a mistrial or more than one trial does not alter the terms of the lease. Trial of the condemnation proceedings commenced. When trial commenced the lease ended. We find no error in the proceedings. Judgment of the trial court is affirmed, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.