No. 21481.

H. L. Leach, Sr., Irene G. Leach, H. L. Leach, Jr., and P. C. Williams, as Individuals, and doing business as Associated Industries *v.* Clarence V. LaGuardia and Rose LaGuardia.

(429 P.2d 623)

Decided July 3, 1967.

226

COIT and WALBERG, LEONARD R. LISS, for plaintiffs in error.

JOSEPH N. LILLY, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THIS writ of error arises out of a dispute between a landlord and a tenant over who is entitled to $15,000 in remaining proceeds out of $80,000 received in a condemnation action when the City and County of Denver acquired certain lands for a new public library.

The record discloses that Clarence and Rose LaGuardia were the lessors and that the lessees were H. L. Leach, Sr., H. L. Leach, Jr., Irene Leach and P. C. Williams, d/b/a Associated Industries. Both sides claimed the escrowed balance of the money paid by the city.

The resolution of the entire dispute hinges on the legal interpretation to be given a three page written lease entered into by the parties. This lease was signed on December 7, 1962, and was to run for five years beginning on January 1, 1963. The lease itself consisted of three pages. The first was on a realtor's printed form and attached to that was a typewritten page, neither of which had any termination provisions. However, a third sheet of paper, executed at the same time and signed by the contracting parties, related to the termination provisions..

We agree with the trial court that all three pages

constitute one instrument. We therefore must determine the meaning of the termination provisions which read:

"Notwithstanding anything herein contained to the contrary, it is understood and agreed that in the event the landlord enters into a lease of 25 years or longer, covering the entire building in which the demised premises are located or in the event the landlord decides to raze the building in which the demised premises are located, this lease may be terminated on ——————, or any time thereafter, between landlord, his heirs, or assigns, upon giving not less than three months prior written notice, and said date for said termination under said notice shall be the date of the end of the terms of the lease as though provided originally for the expiration of the term of said lease.

"And the Lessor or Lessee is hereby granted the right to terminate this lease upon three (3) months notice in writing to the Lessor at anytime after the first day of January, 1963.

> "Clarence V. LaGuardia 12/7/62
> Rose LaGuardia
> H. L. Leach"

In view of the obvious conflict between the two above quoted termination provisions, and the confusion created by the proviso as to whom the notice of termination should be given, the trial court took evidence relating to how page three happened to be executed and what the parties intended thereby. It then found that the lessor had the right to terminate the lease at will — such being the true intent of the parties at the time of the signing. Parenthetically it might be stated that the evidence demonstrated that both parties knew prior to the signing that the city was contemplating a taking of the property for public purposes; thus, it was indeed logical for the trial court to conclude that the owner wanted to and did retain the right to terminate.

It is an old and widely recognized rule that

written documents containing ambiguities or unclear language or meaning are to be construed with reference to the intent of the parties. *Denver Plastics, Inc. v. Snyder,* 160 Colo. 232, 416 P.2d 370 (1966); *Buckhorn Plaster Co. v. Consolidated Plaster Co.,* 47 Colo. 516, 108 P.27 (1910). Since the parties intended to provide for termination by the lessor in the manner in which such was done here, and since the record shows (and there is no dispute in this regard) that notice to terminate was properly given, the lease was terminated as of November 7, 1963. Thus, at the subsequent date when the condemnation took place, Leach and his associates held no right or interest in the property in question and were not entitled to any portion of the proceeds.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE HODGES concur.