CITY OF MUSKEGON v LIPMAN INVESTMENT CORPORATION

1. LANDLORD AND TENANT—CONSTRUCTION OF LEASE—INTENTION OF
   PARTIES.
   When a lease is unambiguous in its terms, what the parties
   intended by the language employed in the lease is a matter of
   law for the court's determination and not a question for the
   consideration of the fact finder.

2. LANDLORD AND TENANT—EMINENT DOMAIN—CONDEMNATION—LES-
   SEE—RIGHT TO SHARE IN AWARD.
   The use of a clause in a lease to deny a lessee the right to share
   in a condemnation award is commonplace.

3. APPEAL AND ERROR—FINDINGS OF FACT—CLEAR ERROR.
   A trial court's findings of fact will not be set aside on appeal
   unless they are clearly erroneous.

4. LANDLORD AND TENANT—EMINENT DOMAIN—CONDEMNATION OF
   PREMISES—CONSTRUCTION OF LEASE—RIGHT TO CONDEMNATION
   AWARD—RIGHT TO ASSERT CLAIMS—LIABILITY FOR RENT.
   In a dispute over the construction of a lease provision concerning
   the parties' rights after condemnation of the leased premises,
   held: (1) the lessee waived his right to participate in the
   condemnation award, (2) the lessee may assert against the
   condemning authority a claim for losses which are separate
   from the loss of the value of the leasehold, such as losses from
   removing trade fixtures or losses from interruption of business,
   and (3) the lessee's liability for rent ceased on the date that
   possession of the premises was surrendered, not on the date
   that title passed to the condemning authority.

Appeal from Muskegon, John H. Piercey, J.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 49 Am Jur 2d, Landlord and Tenant §§ 141–165.
[3] 4 Am Jur 2d, Appeal and Error § 76.
[4] 27 Am Jur 2d, Eminent Domain § 352.
   49 Am Jur 2d, Landlord and Tenant §§ 588–590.

Submitted October 8, 1975, at Grand Rapids. (Docket No. 20682.) Decided January 6, 1976. Leave to appeal applied for.

Petition for condemnation of property by the City of Muskegon against Lipman Investment Corporation, lessor of the property, and Hosler's, Inc., lessee of the property. Petition granted. Lipman moved for summary judgment against Hosler's on three issues: Hosler's right to share in the condemnation award, the classification of certain improvements on the premises, and Hosler's liability for rent. Judgment for Lipman granted on one issue, denied on two issues. Hosler's appeals. Lipman cross-appeals. Affirmed in part, reversed in part.

*Landman, Hathaway, Latimer, Clink & Robb* (by *William F. McNally)*, for Hosler's, Inc.

*Parmenter, Forsythe & Rude* (by *John M. Briggs, III)*, for Lipman Investment Corporation.

Before: N. J. KAUFMAN, P. J., and R. B. BURNS and G. R. DENEWETH,* JJ.

G. R. DENEWETH, J. On February 2, 1973, plaintiff City of Muskegon commenced condemnation proceedings against certain improved real estate. Defendant Lipman Investment Corporation, lessor of the premises, and defendant Hosler's, Inc., the lessee, both waived necessity and the usual notice period. On February 5, 1973, the Muskegon County Circuit Court held a hearing on the city's petition. The court ordered payment of $200,000 to defendant Lipman and $29,012 to defendant Hosler's, and deferred the city's right to possession until June 1, 1973. On June 21, 1973, Lipman moved for a partial summary judgment against

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Hosler's on three issues. The first issue, whether Hosler's had waived its right to claim the value of its leasehold, was decided in favor of Lipman. The other two issues, involving the classification of certain improvements and the liability of Hosler's for rent after February 5, were decided in favor of Hosler's. Both Lipman and Hosler's appeal from those portions of the trial court's order that are adverse to their positions.

Lipman and Hosler's signed a 15-year lease on May 20, 1960. Paragraph 12 of the lease dealt with the rights of lessor and lessee in the event of condemnation. They agreed that:

"If 25%, or more, of the demised premises be taken for any public or quasi-public use, under any statute or by right of eminent domain, or private purchase in lieu thereof, such as to render the premises unsuitable for the business of Lessee, then this lease shall be canceled and declared null and void, and of no effect, and the tenant shall be liable for the rent only up to the time of partial taking. If less than 25% of the demised premises be so taken, or if such partial taking be not extensive enough to render the premises unsuitable for the business of the Lessee, Lessor shall restore the demised premises to a condition comparable to its condition at the time of said condemnation and the lease shall continue, but starting with the date of such restoration, the rental shall be reduced proportionately. In the event of the occurrence of the contingencies herein mentioned or of complete condemnation, rent shall abate corresponding with the time during which the premises may not be used by Lessee and Lessee shall be entitled to receive a pro rata refund of any advance rental paid by Lessee for the rental period during which the demised premises were wholly or partially taken. The Lessee hereby waives all claims for damages on account of such termination and waives all right to share in any such purchase award condemnation or otherwise.

"Nothing herein shall be construed to prevent Lessee

from pursuing its separate remedy against the involved condemnor for the value of Lessee's interest, loss or damage.

"In the event the demised premises shall be taken through condemnation or private purchase in lieu thereof, as herein provided, Lessor covenants and agrees to use and apply the proceeds inuring to its benefit received from any condemnation award, sale in lieu thereof, or otherwise as herein provided, to construct a new building in the same manner and upon the same terms and conditions as set forth in Paragraph 7 hereof, on a site to be selected by Lessee."

We think it was appropriate for the trial court to consider, on Lipman's motion for partial summary judgment, the issue of Hosler's waiver of its right as lessee to share in the condemnation award. "When a lease is unambiguous in its terms, what the parties intended by the language employed in the lease is a matter of law for the court's determination and not a question for the consideration of the fact finder." *Hull v Detroit Equipment Installation, Inc,* 12 Mich App 532, 534; 163 NW2d 271 (1968).

There is no ambiguity in the provisions dealing with condemnation. The lease between Lipman and Hosler's provides for its termination by condemnation. The use of such clauses to deny a lessee the right that he would otherwise have to share in a condemnation award is commonplace. See 2 Nichols, Eminent Domain, § 5.23(2). In *Zeckendorf v Cott,* 259 Mich 561; 244 NW 163 (1932), the Court considered a lease that provided for its termination upon commencement of condemnation proceedings. The Court recognized that the provision was to prevent the tenants from participating in the condemnation award.

The lease here not only provides for its termination upon condemnation, but goes on to explicitly

state that Hosler's is not to share in the award. The leading treatise on eminent domain suggests that a lessor with a strong bargaining position include such a provision. 7 Nichols, Eminent Domain, § 11.06. We do not think it is our function to rewrite contractual provisions that indicate, by giving one party an advantage over the other, their relative strengths.

Hosler's points to the sentence in paragraph 12 of the lease that reserves the lessee's separate remedy against the involved condemnor to show that its right as lessee to share in the condemnation award was retained.

We think that the provisions dealing with condemnation are straightforward and insusceptible of the construction Hosler's offers. When read together with the provision terminating the lease upon condemnation and waiving the lessee's right to participate in the award, the lessee's "separate remedy" can only refer to a claim apart from that derived from a leasehold interest in the condemned premises. The separate remedy of the lessee could be a claim for the decreased value of severed trade fixtures. See *In re Widening of Gratiot Avenue,* 294 Mich 569; 293 NW 755 (1940). The lease allows the lessee to retain trade fixtures placed upon the premises, and the lessee's agreement to waive his right to compensation for his leasehold does not preclude his asserting, against the condemning authority, his claim for losses suffered in removing his fixtures. *In re John C Lodge Highway,* 340 Mich 254; 65 NW2d 820 (1954). In certain instances, a lessee is also allowed a separate remedy for losses suffered because his business is interrupted or destroyed. See *State Highway Commission v L & L Concession Co,* 31 Mich App 222; 187 NW2d 465 (1971).

Lipman's motion for summary judgment also sought a determination of the status of certain improvements Hosler's had made on the premises. The court was asked to decide whether the improvements were trade fixtures, for which Hosler's would be separately compensated, or leasehold improvements, compensation for which would be included in the value placed upon the premises. Before deciding in favor of Hosler's on this issue, the trial court held several hearings and heard testimony from witnesses. With the consent of the parties, he also inspected the premises. The parties, their attorneys and a court reporter were present and a record was made. Though the motion obviously presented a disputed question of fact, and therefore summary judgment was inappropriate, neither party questions the procedure followed. Their dispute is over the result.

Even though this was not a proper employment of summary judgment under GCR 1963, 117, we choose to review the court's decision. In deciding not to remand to correct this procedural defect, we are impressed that both parties acquiesced in the procedure and also that it was Lipman who moved for summary judgment on this issue.

Our review of the trial court's fact-finding is limited. Only if a trial court's findings of fact are clearly erroneous may we set them aside. *Eberhard Manufacturing Co v Brown,* 61 Mich App 268; 232 NW2d 378 (1975); GCR 1963, 517.1.

The trial court, having heard conflicting testimony as well as having personally inspected the premises, determined that certain improvements were trade fixtures. We cannot categorize this finding as clearly erroneous. Nor are we able to say that the court applied an incorrect legal standard in its determination.

The final issue presented in Lipman's motion was the time at which Hosler's liability for rent ceased. The trial court ruled that no rent was owing to Lipman for occupancy of the premises after the date title passed to the city, February 5, 1973. The court had ordered that the city's right to exercise possession be deferred until June 1, 1973, and Hosler's remained in possession past that date.

The eminent domain paragraph of the lease is again significant. When a substantial portion of the premises are taken by condemnation, "such as to render the premises unsuitable for the business of lessee", the lease terminates and "the tenant shall be liable for rent only up to the time of partial taking". If there is complete condemnation, "rent shall abate corresponding to the time during which the premises may not be used by the lessee".

We read these provisions differently than did the trial court. The agreement, it appears to us, is for rent to be paid for the period the lessee uses the premises. The "taking" referred to is an interference with lessee's use, a surrender of possession to the condemning authority, and not the mere transfer of title. A partial taking that would "render the premises unsuitable" for the lessee's business indicates a taking of possession. Similarly, "the time during which the premises may not be used" indicates that an interference with the physical use of the premises was contemplated by the parties. The condemnation paragraph emphasizes the lessee's ability to possess and use the premises, not the lessor's title. Under the lease agreement, liability for rent continues until lessee's use of the premises is no longer possible.

The order of the trial court is affirmed on the

issues of Hosler's sharing in the award and the classification of fixtures. It is reversed on the issue of Hosler's liability for rent. No costs, neither party having prevailed in full.