PEOPLE v TENNON

SEARCHES AND SEIZURES—EVIDENCE—WARRANTS—PERSONAL PROPERTY
    —TABULATION—FAILURE TO COMPLY—EFFECT ON ADMISSIBILITY
    —STATUTES.

  Property obtained from a party incident to a search must be
    tabulated in the presence of the person from whose possession
    or premises the property is taken or in the presence of at least
    one other person, but failure to comply with this ministerial
    act does not void the effectiveness of an otherwise valid war-
    rant or contaminate the evidentiary value of the property
    seized under the warrant, especially where the suspect signs a
    tabulated statement of the property, presumably knows of its
    contents and makes no objection to the items so tabulated
    (MCLA 780.655; MSA 28.1259[5]).

Appeal from Recorder's Court of Detroit, Clar-
ence Laster, J. Submitted May 7, 1976, at Detroit.
(Docket No. 24124.) Decided August 4, 1976.

Ronald L. Tennon was charged with possession
of heroin. Defendant moved to suppress evidence.
Motion granted and defendant discharged. The
people appeal by leave granted. Reversed and
remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training and Appeals, and
*Robert W. Horn,* Assistant Prosecuting Attorney,
for the people.

REFERENCE FOR POINTS IN HEADNOTE
68 Am Jur 2d, Searches and Seizures § 107 *et seq.*

Before: T. M. Burns, P. J., and R. B. Burns and V. J. Brennan, JJ.

V. J. Brennan, J. Defendant, charged with possession of heroin, MCLA 335.341(4)(a); MSA 18.1070(41)(4)(a), was bound over for trial following a preliminary examination on January 3, 1975. On February 18, 1975, defendant moved to suppress the evidence seized during execution of a proper search warrant on the grounds that MCLA 780.655; MSA 28.1259(5), had not been complied with. Following an examination of the transcript of the preliminary examination, defendant's motion was granted and the defendant discharged on May 5, 1975. Prosecution appeals.

In Michigan, statute provides that property obtained from a party incident to a search must be tabulated " * * * in the presence of the person from whose possession or premises the property or thing was taken, if present, or in the presence of at least one other person * * * ", MCLA 780.655; MSA 28.1259(5).

In the present matter, testimony of Officer Preston, who was responsible for the "return" (tabulation) of defendant's property, conflicted in significant part. At one point, he testified that "nobody helped me with the return" and at another point stated that defendant "was standing right in front of me as I made out the return".

We find this contradiction disturbing. In fact, the trial court, on review of the transcript pursuant to granting defendant's motion to suppress, ruled that no "testimony existed to show that a return was made in the presence of the defendant". We will not reverse on a fact-finding issue such as the credibility of witnesses unless the court's assessment is clearly erroneous. *City of*

*Muskegon v Lipman Investment Corp,* 66 Mich App 378, 383; 239 NW2d 375 (1976); *People v Fisk,* 62 Mich App 638; 233 NW2d 684 (1975). We do not find clear error here and so will not reverse on this ground.

However, we cannot subscribe to the implicit ruling by the court that violation of MCLA 780.655; MSA 28.1259(5), amounts to reversible error where defendant signed the return, presumably knew of its contents and made no objection to the items on the return at the time.

Exclusion of evidence obtained by means of illegal search and seizure has long been recognized as a constitutional principle applicable to the states. *Mapp v Ohio,* 367 US 643; 81 S Ct 1684; 6 L Ed 2d 1081 (1961). See generally 29 Am Jur 2d, Evidence, §§ 411–425, pp 470–482. The rationale is "to deter —to compel respect for the constitutional guarantee in the only effectively available way—by removing the incentive to disregard it". *Elkins v United States,* 364 US 206, 217; 80 S Ct 1437; 4 L Ed 2d 1669 (1960).

However, in this case no contention is made that the search warrant was issued or executed illegally. Rather, the conduct questioned involved the ministerial duty to tabulate an inventory or property in a certain manner, primarily so as to avoid any possible mistake, theft, wrongful inclusion or later surprise at trial by parties handling defendant's property.

We are of the opinion that the reasoning behind this statute cannot be related to or tested by the constitutional rights and safeguards that *Mapp* and its progeny were meant to protect. We find no specific authority for this proposition in Michigan. However, our feeling on the issue has been expressed well by the California courts. *People v*

*Phillips,* 163 Cal App 2d 541, 548; 329 P2d 621, 625 (1958):

"We have decided the search warrant was a valid instrument capable of being used by the officers for the purposes described therein. Defendant contends because the inventory was not taken in her presence and no copy of it was given to her, the warrant is vitiated. No California cases are cited by the defendant to support the position, and we have found none. However, cases from without this jurisdiction have held under a statute very similar to section 1535, Penal Code, that the required act by the officer was a ministerial one and created a defect, but did not void the effectiveness of the warrant or contaminate the evidentiary value of the property seized under the warrant. See 79 CJS Searches and Seizures, § 84, p 906; *Giles v United States,* 1 Cir, 284 F 208, 211, 215; *United States v Kaplan,* D.C., 286 F 963; *United States v Callahan,* D.C., 17 F 2d 937. We think this is the correct view."

See also *United States v Haskins,* 345 F2d 111, 117 (CA 6, 1965), *State v Cortman,* 251 Or 566; 446 P2d 681, 683 (1968), *cert den,* 394 US 951; 89 S Ct 1294; 22 L Ed 2d 487 (1969).

Reversed and remanded for proceedings in conformity with this opinion.