Argued and submitted March 18, reversed and
remanded for further proceedings September 8,
reconsideration denied October 15,
petition for review denied November 3, 1981 (291 Or 893)

# BEAVERTON URBAN RENEWAL AGENCY,
*Plaintiff,*
*v.*
# KONING et ux,
*Respondents,*
*and*
# JEFF BOCKMIER AND ASSOCIATES, INC.,
*Appellants.*

(39-431; CA 18210)

632 P2d 1359

G. Kenneth Shiroishi, Portland, argued the cause for appellant. With him on the briefs were George W. Mead, Jr., and Morrison, Dunn, Cohen, Miller & Carney, Portland.

Richard C. Bemis, Portland, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

This appeal arises out of a proceeding ancillary to the principal condemnation action commenced by the plaintiff, and raises the sole question of whether appellant Jeff Bockmier and Associates, Inc., as lessee, is entitled to participate in the condemnation award representing the fair market value of the fee simple title to the property, including the entire leasehold interest therein. The trial court entered an "order and decree" denying the lessee's right to participate in the award. We reverse and remand for further proceedings.

■ The generally accepted rule is that if the condemning authority takes an estate in fee simple absolute in all of the real property covered by the lease, the lease thereupon terminates. 2 Powell on Real Property § 247(2), 372.142-43. The rule could hardly be otherwise. As stated in Restatement, 2 Property 261, § 8.1, Comment a. (1977):

> "A taking by eminent domain of all of the leased property for all of the term necessarily terminates the lease because there is no leased property left. * * *"

■ It is also the generally accepted rule, and the law in Oregon, that if the lease does not provide that the lessee shall not be entitled to any part of a condemnation award, the lessee is entitled to participate in that award. In *Highway Com. v. Ore. Investment Co.,* 227 Or 106, 108, 361 P2d 71 (1961), the court stated:

> "Generally a tenant is entitled to share in the condemnation award to the extent of his leasehold interest. *State Highway Com. v. Burk et al,* 200 Or 211, 265 P2d 783 [1954]; Lewis, Eminent Domain (3d ed) § 525 p 952; 2 Nichols, Eminent Domain (3d ed) § 5.23 p. 35; 18 Am Jur, Eminent Domain § 232, p. 685. However, the tenant may by contract waive his right to participate in a condemnation award. *United States v. Petty Motor Co.,* 327 US 372, 66 S Ct 596, 90 L Ed 729 (1946); *Capitol Monument Co. v. State Capitol Grounds Commission,* 220 Ark 946, 251 SW 2d 473, 475 (1952); *United States v. Improved Premises, etc.,* 54 F Supp 469, 472 (1944); *In re Improvement of Third Street, St. Paul,* 178 Minn 552, 228 NW 162 [1929]; *Zeckendorf v. Cott,* 259 Mich 561, 244 NW 163 [1932]; *Matter of the City of New York (Allen St.)* 256 NY 236, 176 NE 377 [1931]; Jahr, Eminent Domain — Valuation and Procedure

§ 130 pp 194, 195 (1953); 2 Nichols, Eminent Domain, § 5.23[2] p 41 (1950); Annotation, 98 ALR 254."

In that case, the lease contained an express agreement that the lessee would not share in the award. In *State Hwy. Comm. v. Demarest,* 263 Or 590, 503 P2d 682 (1972), it does not appear from the opinion whether the lease contained any provision relating to condemnation. The landlord's contention was that because the lessee had failed to make his rental payment within the ten days allowed by both the lease and the statute (ORS 91.090), the lease terminated in February, 1968, long prior to the taking of the property by the Highway Commission in October, 1968. As a result of that conclusion, the court held that the lease had expired about eight months prior to the taking and the tenant was not entitled to participate in the award. No interest of the tenant had been taken. It is implicit in the opinion that if the tenant had not failed to pay the rental due, the lease would not have terminated prior to the condemnation proceeding, and the lessee would have been entitled to participate in the award.

In this case the lease was executed either in late August or early September, 1977, for a term of 15 years commencing on September 1, 1977. It contained the following provision in paragraph 16:

"In case of the condemnation or appropriation of all or any substantial part of the said demised premises by any public or private corporation under the laws of eminent domain, this lease may be terminated at the option of either party hereto upon twenty days written notice to the other and in that case the lessee shall not be liable for any rent after the date of lessee's removal from the premises."

In February, 1979, plaintiff Beaverton Urban Renewal Agency adopted a resolution to acquire the property in question through eminent domain proceedings. On March 5, 1979, after learning of the Agency's resolution, the lessee wrote to Mr. and Mrs. Koning (lessors) the following letter:

"Dear Art:

"We have received notice that the City of Beaverton plans to occupy the property located at 12575 S.W. Canyon Road in May of this year. Also, prior to our receiving of that notice, the city went directly to our tenants, Beaverton Honda, and informed them to that effect. Consequently, they have since moved, leaving us with no rental

income. Therefore, we don't feel we should continue to pay rent on this property. * * *

"We would also like to note that we are very unhappy with the situation to date. Our interest and investment in the lease has been entirely overlooked. We are exploring other avenues in order to have an equitable settlement of the matter."

By return mail, lessor Arthur Koning wrote Mr. Bockmier (an officer of the lessee corporation):

"Dear Jeff:

"Per your letter of March 5 canceling the payment of rent by you on the property * * * we will no longer hold you to the terms of the lease.

"* * * * *

"Since you paid the last payment on the lease of $1,150 and due to the City of Beaverton's Urban Renewal proposed condemnation of this property we are refunding this amount to you also.

"* * * * *."

Mr. Bockmier testified that he realized, after receiving Mr. Koning's letter, that the latter had misunderstood Mr. Bockmier's letter of March 5. Accordingly, he wrote another letter on March 30 (set forth below) intending to clarify the first letter. In the second letter he tendered payment of the rent through May 16, 1977, the date he thought the Agency intended to take possession of the property, and, in addition, he returned the advance last month's rental payment which the lessors had previously returned to the lessee. The lessors accepted both payments and deposited the checks.

The Agency's motion for an order granting it immediate possession of the property was granted on May 3, 1979. It appears from the record that the Agency actually took possession on May 16th. Mr. Koning testified that after accepting the lessee's checks tendered with the letter of March 30 he considered the lease terminated on May 16th — the date of possession.

The lessors contend that the lessee elected to exercise its option to terminate the lease by the letter of March 5. If nothing further had evolved, there might be some merit to the lessors' contention. However, after the lessors

returned the last month's rental deposit to the lessee, the lessee returned that payment to the lessors, together with rental through May 16, 1979, along with its letter, which stated:

"Dear Art:

"I was surprised to receive your letter of March 19, 1979 and the enclosed check for the sum of $1350.00.

"Apparently you misunderstood my letter of March 5, 1979. We were notified the city of Beaverton would be taking possession of the property at 12575 S.W. Canyon Road on May 16th and felt we should not be responsible for rent after that time.

"I'm therefore returning your check in the sum of $1350.00 and I'm enclosing my check in the sum of $389.52 which will cover our lease payments through May 16, 1979."

In light of all of the circumstances related above, we cannot say that either party exercised the option to terminate the lease prior to the Agency's taking possession of the property.

The lessors contend that whether or not either party effectively opted to terminate the lease in accordance with paragraph 16, the notice provision is not applicable where there is a total taking of the leased premises by eminent domain.[1] There is authority outside Oregon to support that construction of a lease provision similar to paragraph 16. *See In Re Improvement of Third Street, St. Paul,* 178 Minn 552, 228 NW 162 (1929). The logic of that argument is that, even if the lease contained no condemnation clause, the lease would terminate as a matter of law upon a total taking of the leased premises. It follows, lessors contend, that the provision for written notice opting to terminate the lease is only applicable in the event of a partial taking, because where less than all of the leased property is taken, the majority view appears to be that the lease is not terminated, absent some provision in the lease so providing. The minority view, adopted by the Restatement, 2 Property 260, § 8.1(2) (1977), is that the lease is terminated if the taking significantly interferes with the

---

[1] Lessors do not contend that the lease continued, or at least the obligation to pay rent continued, after the total taking in the absence of valid notice under paragraph 16.

use contemplated by the parties. No Oregon cases were cited to us on this point, and we have found none. Lessors assume that Oregon would adopt the majority view that absent some provision in the lease permitting either party to terminate it in the event of a partial taking, which right is exercised, the lease would not terminate.

■    It is not entirely clear whether the lessors' argument that there is no notice requirement where there is a total taking leads to the conclusion that there is no agreement with respect to that event, or to the conclusion that the agreement is that a total taking results in an automatic termination of the lease. If there is no agreement, a total taking of the leased premises terminates the lease as a matter of law, but the lessee is entitled to participate in the award in the absence of a provision in the lease providing that the lessee is not entitled to any portion of the award.

■    On the other hand, to construe the lease to provide that in the event of a total taking the lease terminates automatically, but in the event of a partial taking the lease may be terminated at the option of either party upon the giving of the requisite notice, would be to rewrite the lease provision. We are precluded from doing that. ORS 42.230.[2] If we were to adopt that construction, lessors would, apparently, rely upon the majority view that there may be implied in a lease provision which simply states what the law would be in the absence of any provision in the lease, an agreement that the tenant is not entitled to any part of the condemnation award. *See* Restatement, 2 Property 274, § 8.2, Comment f (1977). Oregon has not dealt with that question yet, and we see no reason to do so here by rewriting the lease provision. It is sufficient to note that it appears to be not only illogical, but inequitable, to imply an agreement by the tenant that he will not participate in a condemnation award where the lease simply recites what the law would be in the absence of any such recital. The

---

[2] ORS 42.230 provides:

"*In the construction of an instrument, the office of the judge is simply to* ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars, such construction is, if possible, to be adopted as will give effect to all."

property rights of the lessee have been taken just as those of the lessor have been, and those rights, in many cases, have a value for which the lessee is entitled to compensation out of the award for the taking of the whole. The law in Oregon is clear that the lessee is entitled to participate in the award, *State Highway Com. v. Burk et al,* 200 Or 211, 265 P2d 783 (1954), unless the lessee has waived that right by the terms of the lease. *State Highway Com. v. Ore. Investment Co., supra.*

■      We do not believe that a lessee reading paragraph 16 of the lease could be reasonably expected to conclude that, in the absence of one of the party's exercising the option to terminate the lease prior to a condemnation proceeding, he has waived any right to share in the condemnation award. If that is what the parties intended, it would have been easy enough to say so expressly. We construe paragraph 16 to mean exactly what it says, and in this case we conclude that there was no termination of the lease prior to the taking by eminent domain.

Because there is no provision in the lease by the terms of which the lessee has agreed to forego participation in the condemnation award, we conclude that the lessee here is entitled to participate. The extent of that participation remains to be determined.

Reversed and remanded for further proceedings.