## PEOPLE v MYERS

Docket No. 95268. Submitted June 18, 1987, at Grand Rapids. Decided
September 10, 1987. Leave to appeal applied for.

Mark E. Myers was charged in Cass Circuit Court with possession
of marijuana with intent to deliver. The court, James P.
Noecker, J., granted defendant's motion to suppress the evi-
dence and dismiss the charge against defendant on the ground
that defendant did not receive a copy of the search warrant
until the preliminary examination. At the time of the search
and seizure defendant was given a copy of the affidavit for the
search warrant, which contained precisely the same informa-
tion as the search warrant. The court found that the people
had failed to prove that the search warrant was served upon
defendant and defendant therefore was entitled to suppression
of the evidence and dismissal of the charge against him. The
people appealed.

The Court of Appeals *held:*

Defendant was made aware of the parameters of the search
through a detective's reading and delivering of the affidavit for
the search warrant. The violation of the search warrant proce-
dure established by statute was hypertechnical in nature. The
evidence need not be suppressed since there was no apparent
harm or prejudice to defendant.

Reversed and remanded.

Searches and Seizures — Search Warrants — Search Warrant
Procedure.

Evidence need not be suppressed and charges dismissed where a
defendant was not served a copy of the search warrant at the
time of the search but was given a copy of the affidavit for
search warrant which contained precisely the same information
as the search warrant and defendant suffered no harm or
prejudice by the failure to serve a copy of the search warrant
itself at the time of the search; not every violation of the

References

Am Jur 2d, Searches and Seizures §§ 35 *et seq.*

Comment Note.—Federal Constitution as affecting admissibility of
evidence obtained by illegal search and seizure. 84 ALR2d 959.

statutory search warrant procedure requires suppression of evidence seized (MCL 780.655; MSA 28.1259[5]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Susan L. Dobrich,* Prosecuting Attorney, and *Margaret-Mary Chiara,* Chief Assistant Prosecutor, for the people.

*Vlachos, Jerkins, Harley & Levine* (by *James E. Vander Roest*), for defendant.

Before: SAWYER, P.J., and MACKENZIE and W. J. CAPRATHE,* JJ.

PER CURIAM. Defendant, charged with possession of marijuana with intent to deliver, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c), was bound over for trial following a preliminary examination on October 2, 1985, and October 17, 1985. On May 20, 1986, defendant moved to suppress the evidence seized during the execution of a proper search warrant on the grounds that MCL 780.655; MSA 28.1259(5) had not been complied with. At the motion hearing, defendant testified that Detective-Lieutenant Garrison read the affidavit for the search warrant to him and gave him a copy of what he read. Defendant further acknowledged that, while in jail, he received the inventory of the items seized. He did not, however, receive a copy of the search warrant from Garrison. Defendant stated that the first time he saw a copy of the search warrant was at the preliminary examination. After the hearing, Circuit Judge Noecker found that the people had failed to prove that the search warrant was served upon defendant. He further found that the issuance of the warrant was proper, but held that a violation of MCL 780.655; MSA 28.1259(5) occurred in its execution. Defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dant's motion was granted, and defendant was discharged on January 8, 1987. The prosecution appeals.

The issue before us is whether or not the prosecution is entitled to use evidence seized pursuant to a search warrant where the defendant did receive a copy of the document designated "affidavit for search warrant," but did not receive the document designated "search warrant." The prosecution argues that the failure to give a defendant a copy of the search warrant as required by statute was a "mere" defect which neither jeopardized defendant's constitutional rights nor harmed defendant under the circumstances of this case because, when the defendant was read and given the affidavit, defendant heard and saw precisely the same information contained in the search warrant which he was not given because the contents of the "search warrant section" of the form utilized is a carbon duplication of ¶¶ 1 and 2 of the affidavit for a search warrant. Thus, by reading and giving defendant a copy of the affidavit for a search warrant, defendant was given the same information as contained in the search warrant itself. Therefore, any defect was hypertechnical in nature and did not prejudice defendant and, as a result, the evidence seized pursuant to the search warrant should not be suppressed. We agree.

After a review of the record it seems clear to us that the search warrant procedure in the present case involved a ministerial defect which did not invalidate the search. It is clear that not every violation of MCL 780.655; MSA 28.1259(5) amounts to error requiring reversal. *People v Tennon,* 70 Mich App 447; 245 NW2d 756 (1976). While the facts of *Tennon* differ from the case before us, we find the issue is markedly similar. In *Tennon,* the defendant received a tabulation of property seized,

but it was not prepared in a manner described by statute. Similarly, in the instant case, defendant received substantially all the information relevant to the search parameters through the affidavit for the search warrant itself. Both in the case before us and in *Tennon* there was less than perfect compliance with the procedural requirement but the purpose of the statute was upheld in both cases. We find from a review of the record before us that defendant was made aware of the parameters of the search through the detective's reading and delivering of the affidavit for the search warrant. We therefore conclude that the violation of the search warrant procedure established by MCL 780.655; MSA 28.1259(5) was hypertechnical in nature and, accordingly, the evidence need not be suppressed since there was no apparent harm or prejudice to defendant.

Reversed and remanded.