Gage, J.
(dissenting). I respectfully dissent from the lead opinion’s affirmation of the trial court’s suppression of evidence seized from defendant’s home. I believe that People v Pipok (After Remand), 191 Mich App 669; 479 NW2d 359 (1991), controls the outcome in this case and that this case is distinguishable from People v Moten, 233 Mich 169; 206 NW 506 (1925), and its progeny.
Both Moten, id. at 173-174, and Pipok, supra at 672, recognized that the Legislature enacted the provision currently designated MCL 780.654; MSA 28.1259(4), formerly 1917 PA 338, primarily to require that law enforcement officials make a record of the determination of probable cause in order to assure that this determination was made on proven facts and not opinions. The provision in effect at the time the Supreme Court decided Moten contemplated that the only manner by which law enforcement officials could satisfy this objective constituted recitation of all the probable cause affidavit’s material facts within the search warrant itself. Moten, supra at 172. Subsequently, the Legislature relaxed the requirement that officials repeat on the face of the warrant all the facts supporting a finding of probable cause, permitting officials instead to simply attach to the warrant the *505 affidavit in support of probable cause. MCL 780.654; MSA 28.1259(4). In light of the Legislature’s expansion of the permissible statutory methods for incorporating the facts supporting a finding of probable cause, I disagree with the majority’s reliance on the Moten Court’s analysis of the preamendment statute.
I agree with the panels of this Court that have addressed the current statute and concluded that the mere failure to attach the required affidavit does not by itself demand suppression of evidence seized pursuant to the warrant. See People v Garvin, 235 Mich App 90, 99-100; 597 NW2d 194 (1999). The Court in Pipok, supra at 673, determined that under the circumstances in that case, any error in this respect was merely procedural:
In this case, there is an affidavit setting forth the facts on which the federal magistrate’s determination of probable cause was based. Defendants do not argue that the affidavit was insufficient to establish probable cause, and they do not articulate any prejudice that resulted from the noncompliance with § 4. Furthermore, defendants were furnished copies of the affidavit before the preliminary examinations and had the opportunity at those hearings to challenge probable cause supporting the search warrant. We therefore conclude that the failure of the warrant to state the grounds for issuance or to have the supporting affidavit attached did not abrogate the purpose of the statute and that the error was one of procedure not requiring suppression of the evidence. See People v Myers, 163 Mich App 120; 413 NW2d 749 (1987);[1] People v Tennon, 70 Mich App 447; 245 *506 NW2d 756 (1976).[2]
This Court recently reaffirmed the Pipok Court’s analysis in Garvin, supra at 100-101.
We strongly agree with the pertinent holding [that, as a matter of Michigan law, a mere failure to attach an affidavit to a search warrant does not require the suppression of evidence seized pursuant to that warrant] by the Pipok Court. It is one thing, under certain circumstances, to order the drastic remedy of suppressing highly relevant evidence to enforce the fundamental constitutional guarantees against unreasonable searches and seizures of US Const, Am IV and Const 1963, art 1, § 11. It is quite another to extend the exclusionary rule to a technical deficiency, such as failing to provide or leave a copy of an affidavit in connection with the exercise of a reasonable search in which the law enforcement officers executing the search provide a copy of the search warrant itself, thereby providing notice that the search has been judicially authorized.
The Garvin Court concluded that because the defendant ultimately has the opportunity to challenge probable cause supporting the warrant and because the affidavit requirement is merely procedural, the failure of the police to provide or leave a copy of the affidavit as part of the copy of the warrant did not provide a basis for suppression of the evidence seized. Id. at 99-100.
In the instant case, while defendant received a copy of the federal search warrant, no one left her a copy of the supporting affidavit because a federal magis *507 trate had placed it under seal. The warrant itself satisfied federal requirements, and defendant does not contend that these federal requirements are unconstitutional. Although defendant was not provided the affidavit before her preliminary examination, she eventually obtained a copy of the affidavit and clearly had the opportunity to challenge the basis for the warrant. Under these circumstances, I agree with the lead opinion that “I am unable to see how defendant was put at a disadvantage by being forced to delay her arguments until the parties obtained a copy of the federal affidavit.” Ante at 503. In the absence of any prejudice to defendant arising from the officials’ failure to attach the affidavit to the warrant, I would find that this technical, nonconstitutional, statutory deficiency does not by itself warrant invocation of the exclusionary rule. Garvin, supra at 99-101.
The fact that evidence was obtained pursuant to a defective warrant does not necessarily mandate suppression. Deterrence is the sole reason for the exclusionary rule. United States v Leon, 468 US 897, 916-918; 104 S Ct 3405; 82 L Ed 2d 677 (1984); Stone v Powell, 428 US 465, 486-487; 96 S Ct 3037, 49 L Ed 2d 1067 (1976). The conduct of the officers in this case had absolutely no effect on Ms. Sobczak-Obetts’ Fourth Amendment rights. The United States Supreme Court has recognized the high “costs of applying the exclusionary rule,” which include rendering unavailable reliable and highly probative information concerning a defendant’s guilt or innocence, “deflect[ing] the truthfinding process and often free[ing] the guilty.” Id. at 489-490. “The disparity in particular cases between the error committed by the police officer and the windfall afforded a guilty *508 defendant by application of the rale is contrary to the idea of proportionality that is essential to the concept of justice.” Id. at 490. I believe that excluding the seized evidence solely on the basis that the warrant lacked the statutorily required attached affidavit represents a disproportionate windfall for defendant, and an unjust result.
I would reverse and remand.

1 Myers held that when the defendant received substantially all the information relevant to the search parameters through the affidavit for the search warrant and no apparent harm or prejudice to the defendant occurred, the failure of the police to leave the defendant a copy of the warrant itself, as required by MCL 780.655; MSA 28.1259(5), represented a hypertechnical defect not requiring suppression of the evidence seized.

2 Tennon held that a police officer’s failure to tabulate items seized in the presence of the defendant, as' required by MCL 780.655; MSA 28.1259(5), did not qualify as constitutional error requiring application of the exclusionary rule when the defendant signed the tabulation, presumably knew of its contents, and made no objection to the items on the list.