PEOPLE v PALADINO

Docket No. 163133. Submitted March 17, 1994, at Lansing. Decided
    April 5, 1994, at 9:30 A.M. Leave to appeal sought.

Michael Paladino was charged in the Oakland Circuit Court with
    possession with intent to deliver more than 650 grams of
    cocaine and possession with intent to deliver marijuana. The
    investigation, the affidavit, the warrant, and the search were
    all handled by federal officers under federal law. The court,
    Jessica R. Cooper, J., granted the defendant's motion to sup-
    press the evidence and dismissed the case, finding that the
    sufficiency of the search warrant and affidavit should be deter-
    mined under state, not federal, law, and that the search war-
    rant and affidavit did not meet the requirements of state law.
    The prosecution appealed.

    The Court of Appeals *held:*

    1. Administrative Order No. 1990-6 requires adherence to
    *People v Hill,* 192 Mich App 54 (1991), which rejected applica-
    tion of the good-faith exception enunciated in *United States v
    Leon,* 468 US 897 (1984), to the search requirement.

    2. When evidence challenged in a state prosecution is ob-
    tained in a search involving the joint activity of state and
    federal officers, the search is scrutinized under state standards.
    It is not necessary to scrutinize a search under state standards
    where, as in this case, the search was solely a federal activity.
    The integrity of the state court is not offended by the use of the
    proceeds of a search that met federal standards and was
    conducted by federal officers, after being authorized by a fed-
    eral magistrate, even though the search did not comply with
    state standards.

    Reversed and remanded.

SEARCHES AND SEIZURES — SEARCH WARRANTS — STATE PROSECUTIONS
    — GOOD-FAITH EXCEPTION — STATE STANDARDS — FEDERAL
    STANDARDS.

    When evidence challenged in a state prosecution is obtained in a

REFERENCES
Am Jur 2d, Criminal Law § 637; Evidence §§ 411, 412.
See ALR Index under Criminal Law; Evidence; Search and Seizure.

search involving the joint activity of state and federal officers, the search is to be scrutinized under state standards; it is not necessary to scrutinize the search under state standards where the search was solely a federal activity; the integrity of the state court is not offended by the use of the proceeds of a search that met federal standards, was conducted by federal officers, and was authorized by a federal magistrate, even though the search did not comply with state standards.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, and *Daniel A. O'Brien,* Assistant Prosecuting Attorney, for the people.

*Richard M. Lustig,* for the defendant.

Before: TAYLOR, P.J., and WEAVER and M. R. SMOLENSKI,* JJ.

PER CURIAM. In 1987, Drug Enforcement Administration Special Agent Marie Pikiell conducted an investigation of defendant. On the basis of the information obtained from her investigation, Pikiell obtained a search warrant for defendant's residence from a federal magistrate. The search warrant commanded that the search be conducted on or before June 15, 1987. A search was executed by several DEA agents, with a courtesy representative of the Oakland County Sheriff's Department, at approximately 3:00 P.M. on June 15, 1987. As a result of the search, defendant was arrested and prosecution was started in federal court. That prosecution was voluntarily dismissed by the federal district attorney, and the case was referred to the Oakland County Prosecutor's Office for prosecution.

In the state court, defendant was charged with possession with intent to deliver more than 650 grams of cocaine, MCL 333.7401(2)(a)(i); MSA

* Circuit judge, sitting on the Court of Appeals by assignment.

14.15(7401)(2)(a)(i), and possession with intent to deliver marijuana, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c). Defendant filed a motion to suppress the evidence obtained pursuant to the search warrant, alleging that the affidavit did not state sufficient probable cause. The court granted defendant's motion to suppress and denied the prosecution's motion for reconsideration. The court then dismissed the case. The prosecution appeals as of right. We reverse and remand.

I

The prosecution asks us to apply the "good-faith" exception to the search warrant requirement to the circumstances of this case, as in *United States v Leon,* 468 US 897; 104 S Ct 3405; 82 L Ed 2d 677 (1984). A panel of this Court has rejected application of the good-faith rule, *People v Hill,* 192 Mich App 54; 480 NW2d 594 (1991), and we are compelled to follow that holding under Supreme Court Administrative Order No. 1990-6. Were we not so compelled, we would reach the opposite conclusion.

II

The prosecution next argues the court should have determined the sufficiency of the search warrant and affidavit under federal law, not state. In support of this, the prosecution points to the fact that the investigation, the affidavit, the warrant, and the search were all handled by federal officers under federal law.

This Court has previously held that when evidence challenged in a state prosecution is obtained in a search involving the joint activity of state and federal officers, the search is scrutinized under

state standards. *People v Pipok (After Remand),* 191 Mich App 669; 479 NW2d 359 (1991). This ruling was based on the need to preserve state court integrity and to govern the conduct of state officers. *People v Pipok,* unpublished opinion per curiam of the Court of Appeals, decided March 7, 1991 (Docket No. 126052).

The question before us is whether, in order to satisfy these goals, it is necessary to scrutinize a search under state standards when the search was solely a federal activity. We hold it is not.

Clearly, where the investigation and search were solely a federal activity, the conduct of state officers is not in question. Nor do we find that it would offend the integrity of the state court to use the proceeds of a search that met federal standards and was conducted by federal officers, after being authorized by a federal magistrate, even though it did not fully comply with state standards.

Finding the trial court erred in considering state standards in determining the motion to suppress, we reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

Reversed and remanded.