Weaver, J.
I concur in the result, but write separately because I believe that the first step in resolving this matter is determining whether the state warrant requirements should be applied to a federal search warrant executed during a search conducted jointly by federal and state authorities. In my opinion, the state warrant requirements should not apply in this situation, and People v Pipok (After Remand), 191 Mich App 669, 671; 479 NW2d 359 (1991), was wrongly decided.[1] Because the state warrant requirements should not apply to these facts, the firearms found in defendant’s home should not have been suppressed.
Because I would decline to apply the state warrant requirements to these facts, I express no opinion concerning whether the exclusionary rule would apply to a procedural violation of the state requirements.

 People v Paladino, 204 Mich App 505; 516 NW2d 113 (1994), a case in which I participated at the Court of Appeals, cited the Pipok holding in its analysis. Pipok was binding authority on the Court of Appeals when Paladino was decided. Thus, Paladino did not address whether Pipok' was correctly decided.