PEOPLE *v*. MOTEN.

1. SEARCHES AND SEIZURES — PRIVATE DWELLING — INTOXICATING LIQUORS—ALLEGATIONS OF AFFIDAVIT SUFFICIENT.

Allegations in an affidavit for a warrant to search a private dwelling that said premises were also used as a place for the unlawful sale of intoxicating liquors, that on a certain date deponent was in front of said premises, that he searched a certain person and ascertained that he had no intoxicating liquor upon his person, that said person entered said premises with $1 given him by deponent and returned in about five minutes with two-thirds of a pint of moonshine whisky, *held*, sufficient, if believed by the magistrate, to warrant the issuance of a search warrant.[1]

2. SAME—FAILURE TO RECITE MATERIAL FACTS INVALIDATES WARRANT—STATUTES.

A warrant to search a private dwelling, which failed to recite all of the material facts alleged in the affidavit, as required by Act No. 338, Pub. Acts 1917, § 27, was void, and the evidence procured thereby was inadmissible.[2]

3. INTOXICATING LIQUORS—EVIDENCE—SUFFICIENCY.

Where, in a prosecution for violating the prohibition law, the only evidence against defendant was obtained by an illegal search warrant, defendant should have been discharged.[3]

Error to superior court of Grand Rapids; Verdier (Leonard D.), J. Submitted October 15, 1925. (Docket No. 131.) Decided December 22, 1925.

Onzie Moten was convicted of violating the liquor law, and sentenced to imprisonment for not less than six months nor more than two years in the Michigan reformatory at Ionia. Reversed, and defendant discharged.

---

[1]Intoxicating Liquor, 33 C. J. § 371; [2]Id., 33 C. J. § 379; [3]Id., 33 C. J. § 499.

*Dunham, Cholette & Quail,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Earl W. Munshaw,* Prosecuting Attorney, for the people.

STEERE, J.   On May 13, 1925, Onzie Moten was convicted in the superior court of Grand Rapids of unlawfully having in his possession intoxicating liquor particularly defined as "moonshine whisky," charged and proven as a second offense.   The evidence against him was obtained by a search warrant issued, and executed by search and seizure, on April 7, 1925. The premises directed to be searched were described in the search warrant as "340 Bartlett street S. W. in the city of Grand Rapids, county of Kent, and State of Michigan, which premises are occupied by one John Doe, real name unknown, as a private dwelling house, but which private dwelling house is also used as a place for the unlawful sale of intoxicating liquors."   At the date of affidavit for search warrant and time of search and seizure, said premises were the private dwelling house of defendant. Claimed invalidity of the search warrant was duly raised before the committing magistrate and right of review thereafter preserved in the trial court by timely motions and objections.

The questions raised and argued in defendant's brief are sufficiency of the affidavit for a search warrant, and the validity of the search warrant as drawn.   The affidavit states in positive and unqualified terms that the place sought to have searched is a private dwelling house but "also used as a place for the unlawful sale of intoxicating liquors."   It further states that affiant believes and has good cause to believe that such liquor and various things connected with its illegal storing and use are kept concealed upon said premises, and the grounds of his belief are as follows:

"that on, to wit, the 5th day of April, 1925, this de-

ponent was then and there in front of the dwelling house of premises located at 340 Bartlett street, S. W., in the city of Grand Rapids, with one Richard Roe; that the deponent then and there searched the said Richard Roe and ascertained that he had no intoxicating liquors or beverages upon his person, that the said Richard Roe then and there entered said dwelling house and premises with $1.00 given him by your deponent and returned in about five minutes with two-thirds pint of moonshine whisky, so-called, which he gave to this deponent, said moonshine whisky being then and there intoxicating liquor and beverage."

Upon such statements of fact the magistrate was authorized to exercise his judicial discretion, and, if he believed the sworn statement, to find there was probable cause to conclude the described dwelling was being used for the sale and storage of intoxicating liquor and issue the search warrant asked for. *People v. Starkweather,* 224 Mich. 137; *People v. Woods,* 228 Mich. 87.

The specific grounds urged against the validity of the search warrant itself as issued by the magistrate and served by the officer are that it did not recite all the material facts alleged in the affidavit as the statute expressly directs. It is settled law in this jurisdiction and generally elsewhere that an affidavit for a search warrant made only on information and belief is insufficient to move the judicial discretion of the issuing officer. It must also contain, as distinguished from mere conclusions or belief, known material facts directly stated as affiant's grounds for such belief. In absence of the statement of facts above quoted, the affidavit under consideration would be destitute of material facts and circumstances necessary to justify a finding of probable cause, and invalid for the purpose intended. *People v. Effelberg,* 220 Mich. 528; *United States v. Michalski,* 265 Fed. 839. Those material facts are neither recited by quotation nor stated in substance in the search warrant issued in this case.

The law under which this search warrant issued expressly provides in plain and simple words that "the warrant for search shall * * * recite all of the material facts alleged in the affidavit" and, to simplify its preparation to a minimum, adds "a warrant for search and seizure substantially in the following form shall be sufficient." That brief and concise form begins as follows:

"The State of Michigan,............County, ss.
"To.....................Greeting.
"Whereas there has been filed with the undersigned an affidavit. (Here set out the material facts alleged in the affidavit).
"These are, therefore, to command you," etc. Act 338, Pub. Acts 1917, § 27 (Comp. Laws Supp. 1922, § 7079 [27]).

Aside from the act itself no authorities are cited by either side upon this question, but by the unequivocal language of the act its provision that the warrant shall recite all material facts alleged in the affidavit is couched in mandatory terms. It is the general rule that laws authorizing invasion of private premises and the sanctity of the home by search and seizure proceedings are to be strictly construed.

The provisions of our prohibition act on that subject are quite analogous to the codification of the search warrant law in the Federal espionage act (40 U. S. Stat. p. 228) of which it is noted in *Murby* v. *United States*, 293 Fed. 849, that the power granted to administrative officials under such warrants "is a power capable of such oppressive and liberty-destroying use that it should be strictly guarded and exercised." It is there emphasized as the duty of those authorized to issue search warrants under that act to carefully study its search warrant provisions and—

"to exercise scrupulous care that all proceedings before them and processes issued by them conform strictly to the provisions of this statute. Failing such study and

care, the already superabundant difficulties met in enforcing prohibition will be unnecessarily increased, and the courts will be compelled to deal with close and difficult questions that, under proper procedure, would not arise at all, and many plainly guilty offenders will escape. We must enforce the Fourth and Fifth Amendments and statutes intended to protect rights thus guaranteed, as faithfully as we enforce the Eighteenth Amendment and the National prohibition act."

The Federal espionage act does not in exact words make mandatory that the search warrant shall recite all the material facts alleged in the affidavit, as does our statute, but it requires amongst other things that the "warrant must be full and complete in itself," and the issuing officer must state therein "the particular grounds or probable cause for its issue." In *United States* v. *Kaplan*, 286 Fed. 963, a case involving search and seizure of intoxicating liquor under that act, it was said of the requirements:

" 'The warrant should be full and complete in itself,' both as to essentials and as to directions; the first because essential, and the second in order that the officer serving the paper shall not have the excuse of ignorance as to his duty, and that the accused may promptly know what is the accusation against him, upon what it is based and what the officer should do. * * *

"The commissioner or judge having become satisfied by proven facts 'of the existence of the grounds of the application or that there is probable cause to believe their existence,' he must not only issue the warrant, but must state therein 'the particular grounds or probable cause for its issue.' (Espionage act, *supra*, § 6). The mandate is clear. Why should there not be an exact compliance? Is not the protective purpose of congress most definite—that the proof should be in writing (Espionage act, *supra*, § 4), that facts, and not opinions, should be relied on (Espionage act, *supra*, § 5), that the judgment should be on the proven facts and that a record of such judgment should be recorded in the warrant (Espionage

act, *supra,* § 6), of which a copy should be furnished the accused (Espionage act, *supra,* § 12)?

In our statute the mandate is positive that the warrant shall recite all material facts alleged in the affidavit, and a statutory form of search warrant is provided indicating just where to insert the recital which the law makes an essential part of a valid warrant. Unfortunately this essential requirement was ignored. The warrant is invalid, and the evidence procured thereunder inadmissible. "With such evidence out, defendant should have been discharged." *People* v. *Knopka,* 220 Mich. 540.

The conviction must therefore be set aside and defendant discharged.

McDonald, C. J., and Clark, Bird, Sharpe, Moore, Fellows, and Wiest, JJ., concurred.