PEOPLE v. BULES.

1. INTOXICATING LIQUORS—SEARCH WARRANT FOR PRIVATE DWELLING MUST RECITE MATERIAL FACTS ALLEGED IN AFFIDAVIT.

A warrant issued to search a private dwelling alleged to be a place of public resort where moonshine whisky is manufactured, etc., which failed to follow the statutory mandate and recite the material facts alleged in the affidavit upon which it was based, is void.[1]

2. SAME—EVIDENCE OBTAINED UNDER VOID SEARCH WARRANT INADMISSIBLE—CRIMINAL LAW.

In a prosecution for violation of the prohibition law, evidence seized under a void search warrant was inadmissible.[2]

Exceptions before judgment from Ottawa; Cross (Orien S.), J. Submitted January 14, 1926. (Docket No. 136.) Decided March 20, 1926.

Andrew Bules was convicted of violating the liquor law. Reversed, and defendant discharged.

*Willard G. Turner, Jr.,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Fred T. Miles,* Prosecuting Attorney, for the people.

WIEST, J. Defendant, by exceptions before sentence, brings for review his conviction of a violation of the prohibition law. Under a search warrant his home was entered by officers and whisky and whisky mash seized. Before trial he moved suppression of the evidence so seized, claiming the warrant was void. This motion was denied and at the trial the liquor and the warrant went in evidence. The part of the search warrant material here was as follows:

[1]Intoxicating Liquors, 33 C. J. §§ 378, 379 (Anno); [2]Criminal Law, 16 C. J. § 1110.

"Whereas there has been filed with the undersigned an affidavit that intoxicating liquors are being manufactured, possessed, sold, furnished and given away contrary to law and are now concealed contrary to law in a dwelling 'house, farm and farm buildings, building situate upon premises described as: East one-half of the north-west one-quarter of section 23, range 15 west, town 7 north which said 'building is occupied by one Andrew Bules, and is a private dwelling, occupied as such, that said dwelling house is a place of public resort where moonshine whisky is manufactured, stored, possessed, sold and given away.   And whereas, it appears to me, by the said affidavit that there is reasonable cause for such belief by the affiant."

Then followed the command to search and seize. This warrant was void on its face, for omission to recite the material facts alleged in the affidavit upon which it was based.   *People* v. *Moten*, 233 Mich. 169. That case is readily available and we need not repeat what we there said.

The mandate of the statute is clear, that the material facts alleged in the affidavit for the warrant shall be recited in the warrant, and the legislature even took the pains to set out a form, in which it directed the user to ("Here set out the material facts alleged in the affidavit").   The warrant neither states facts alleged in the affidavit nor does it carry the affidavit along with and as a part of the warrant.   The law cannot be made plainer, and is but expressive of long time precedent established to prevent abuse.   We deplore the carelessness evidenced here and so inexcusable if the statute was read, but we are bound to correct here such a palpable blunder.   The evidence seized on the so-called search warrant should have been suppressed.   Without such evidence there can be no conviction.

The conviction is reversed, and defendant discharged.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.