PEOPLE *v.* GALNT.

1. SEARCHES AND SEIZURES—INTOXICATING LIQUORS—VALIDITY OF SEARCH WARRANT.

Under Act No. 338, Pub. Acts 1917, a search warrant which neither recited by quotation nor stated in substance the material facts alleged in the affidavit, was void.[1]

2. SAME—PRIVATE DWELLING—CONSTITUTIONAL LAW.

The search of a private dwelling by means of a void search warrant is a violation of the constitutional right that one's house shall be secure from unreasonable searches and seizures (article 2, § 10).[2]

[1]Intoxicating Liquors, 33 C. J. § 378; [2]Searches and Seizures, 35 Cyc. p. 1269.

3. CRIMINAL LAW—MOTION TO SUPPRESS EVIDENCE OBTAINED BY
VOID SEARCH WARRANT SHOULD HAVE BEEN GRANTED.

Where, in a prosecution for violating the prohibition law,
the question of the illegal search of defendant's private
dwelling was timely raised by motion to suppress the
evidence obtained thereby, and the warrant is void on its
face for failure to recite the material facts alleged in
the affidavit, the motion should have been granted.[3]

Exceptions before judgment from Muskegon; Van-
derwerp (John), J. Submitted June 17, 1926.
(Docket No. 123.) Decided July 22, 1926.

John Galnt was convicted of violating the liquor
law. Reversed, and defendant discharged.

*Alexis J. Rogoski,* for appellant.

*Andrew B. Dougherty,* Attorney General, *R. Glen
Dunn,* Prosecuting Attorney, and *Robert H. Dunn,*
Assistant Prosecuting Attorney, for the people.

CLARK, J. Defendant, charged with and convicted
of manufacturing and possessing intoxicating liquor,
seeks review on exceptions before sentence. The
evidence against him was obtained by a search of his
private dwelling house, initiated by an affidavit suf-
ficient both in form and substance. But the warrant
on which the search was made was void for the reason
that in it the material facts alleged in the affidavit
were "neither recited by quotation nor stated in sub-
stance," as required by *People* v. *Moten,* 233 Mich.
169, and Act No. 338, Pub. Acts 1917, § 27 (Comp.
Laws Supp. 1922, § 7079 [27]). This matter was
raised by motion to suppress and discharge, timely
made. The motion was denied, the court saying:

"In view of the fact that there is no affidavit of
the respondent or any showing whatever that the liquor
belongs to him, it is my opinion that the motion, there-

---

[3]Criminal Law, 16 C. J. § 1110.

fore, should not be granted. My opinion is based on the case of *People* v. *Ninehouse,* 227 Mich. 480."

We think the case cited not in point. Defendant might possess or manufacture liquor unlawfully without being the owner of it. The evidence against defendant was procured by a search of his private dwelling house. The search warrant was void—the search unlawful, a violation of his constitutional right (art. 2, § 10) that his house shall be secure from unreasonable searches and seizures. All this appeared on the face of the record and was presented by the motion to suppress and discharge. The motion must prevail.

Reversed. Defendant discharged.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.