PEOPLE v PIPOK (AFTER REMAND)

Docket No. 126052. Submitted November 13, 1990, at Grand Rapids. Decided November 4, 1991, at 9:20 A.M.

Arthur E. Pipok, Robert J. Jelinski, and Roy L. Monko were charged in the Lake Circuit Court with violation of the controlled substances chapter of the Public Health Code. They moved to suppress evidence gathered through the execution of a search warrant issued pursuant to federal law. The court, Richard I. Cooper, J., denied the motion, and the defendants appealed by leave granted. The Court of Appeals, MICHAEL J. KELLY, P.J., and GRIBBS and SHEPHERD, JJ., in an unpublished opinion per curiam, held that when evidence challenged in a state prosecution is obtained during a search involving the joint activity of state and federal officers, the search is scrutinized under state standards and, while retaining jurisdiction, remanded for a determination whether the evidence was obtained through joint activity of state and federal officers. (Docket No. 126052). On remand, the trial court held that the search did involve joint activity.

After remand, the Court of Appeals *held:*

1. The trial court correctly found that the search involved joint activity.

2. The search warrant did not comply with MCL 780.654; MSA 28.1259(4), which requires that a search warrant provide on its face or in an attached affidavit the grounds on which the warrant is issued, because it failed to state the grounds for probable cause and did not have the supporting affidavit attached. However, a copy of the affidavit used to support the warrant was made available to the defendants before their preliminary examinations, and the defendants do not argue that the affidavit was insufficient or claim that any prejudice resulted from noncompliance with the statute.

3. The purpose of the warrant statute is to guarantee that a record of probable cause is established. The failure of the warrant to state the grounds for issuance or to have the

REFERENCES

Am Jur 2d, Searches and Seizures §§ 12, 64, 67-69.
See the Index to Annotations under Affidavits; Search and Seizure.

supporting affidavit attached did not abrogate that purpose. The error was one of procedure, which does not require suppression of the evidence.

Affirmed.

1. SEARCHES AND SEIZURES — EVIDENCE — JOINT FEDERAL AND STATE ACTIVITY.

Where evidence challenged in a state prosecution is obtained during a search involving the joint activity of state and federal officers, the search is to be scrutinized under state standards.

2. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE.

A search warrant must provide on its face or in an attached affidavit the grounds on which it was issued; the purpose of the requirement is to guarantee that a record of probable cause is established (MCL 780.654; MSA 28.1259[4]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Michael J. Riley,* Prosecuting Attorney, for the people.

*Michael P. Mathews,* for Arthur E. Pipok.

*Harold F. Closz, III,* for Robert J. Jelinski.

Roy L. Monko, in propria persona.

#### AFTER REMAND

Before: MICHAEL J. KELLY, P.J., and GRIBBS and SHEPHERD, JJ.

MICHAEL J. KELLY, P.J. This case is again before this Court following a remand to the trial court to determine whether evidence seized pursuant to a federal search warrant was obtained through the joint activity of state and federal officers. *People v Pipok,* unpublished opinion per curiam of the Court of Appeals, decided March 7, 1991 (Docket No. 126052). The trial court's supplemental opinion was entered on stipulated facts on April 19, 1991.

In remanding, this Court held that when evidence challenged in a state prosecution is obtained in a search involving the joint activity of state and federal officers, the search is scrutinized under state standards. On remand, the trial court found that the search in this case did involve the joint activity of state and federal officers. We agree with the trial court's finding. The next inquiry is whether the search was valid under Michigan law. Defendants argue that the warrant was invalid and that the trial court improperly denied defendants' motion to suppress the evidence seized during the search. Defendants' appeal is by leave granted.

It is uncontested that the search warrant in this case did not comply with MCL 780.654; MSA 28.1259(4), which, in relevant part, requires that a search warrant provide on its face or in an attached affidavit the grounds on which the warrant is issued. The search warrant in this case failed to state the grounds for probable cause and did not have a supporting affidavit attached. The warrant was issued pursuant to federal law, for which there is no state counterpart to the precise statutory provision at issue here. A copy of the affidavit used to support the warrant was made available to the defendants before their preliminary examinations.

Defendants contend that noncompliance with § 4 rendered the search warrant invalid and, as a result, the evidence seized pursuant to the warrant should be suppressed. In support of their position, defendants rely on the cases of *People v Galnt,* 235 Mich 646; 209 NW 915 (1926), *People v Bules,* 234 Mich 335; 207 NW 818 (1926), and *People v Moten,* 233 Mich 169; 206 NW 506 (1925).

Contrary to the law then in effect, 1917 PA 338, § 27, the search warrants challenged in *Galnt,*

*Bules,* and *Moten* failed to recite all the material facts alleged in the supporting affidavits. In each case the Supreme Court found the warrant invalid and suppressed the evidence seized pursuant thereto. The Court in *Moten* quoted with approval the following from *United States v Kaplan,* 286 F 963, 969-970 (D Ga, 1923):

> "The commissioner or judge having become satisfied by proven facts 'of the existence of the grounds of the application or that there is probable cause to believe their existence,' he must not only issue the warrant, but must state therein 'the particular grounds or probable cause for its issue.' The mandate is clear. Why should there not be an exact compliance? Is not the protective purpose of congress most definite—that the proof should be in writing, that facts, and not opinions, should be relied on, that the judgment should be on the proven facts and that a record of such judgment should be recorded in the warrant, of which a copy should be furnished the accused?" [233 Mich 173-174. Citations omitted.]

The *Moten* Court thus concluded that the primary purpose for requiring that a warrant recite the material facts alleged in the affidavit was to make a record of the judgment of probable cause in order to assure that the determination was made on proven facts and not opinions. The Court found the recital to be an "essential requirement" of a valid warrant and held that evidence seized pursuant to a warrant lacking such a recital must be suppressed.

Since the court's decision in *Moten,* statutory law in this state has changed to permit a supporting affidavit to be attached to the warrant in place of stating the material facts, or grounds for issuance, on the warrant itself. Again, the provision is designed to guarantee that a record of probable

cause is established. The Legislature has apparently recognized that the affidavit alone is sufficient to establish a record of probable cause and that it is not necessary to transcribe the material facts from the affidavit onto the warrant.

In this case, there is an affidavit setting forth the facts on which the federal magistrate's determination of probable cause was based. Defendants do not argue that the affidavit was insufficient to establish probable cause, and they do not articulate any prejudice that resulted from the noncompliance with § 4. Furthermore, defendants were furnished copies of the affidavit before the preliminary examinations and had the opportunity at those hearings to challenge probable cause supporting the search warrant. We therefore conclude that the failure of the warrant to state the grounds for issuance or to have the supporting affidavit attached did not abrogate the purpose of the statute and that the error was one of procedure not requiring suppression of the evidence. See *People v Myers,* 163 Mich App 120; 413 NW2d 749 (1987); *People v Tennon,* 70 Mich App 447; 245 NW2d 756 (1976).

Affirmed.