606 N.W.2d 658 (1999)
238 Mich. App. 495
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Michelle Ann SOBCZAK-OBETTS, Defendant-Appellee.
Docket No. 214787.
Court of Appeals of Michigan.
Submitted June 8, 1999, at Grand Rapids.
Decided November 5, 1999, at 9:45 a.m.
Released for Publication February 23, 2000.
*659 Jennifer M. Granholm, Attorney General, Thomas L. Casey, Solicitor General, William A. Forsyth, Prosecuting Attorney, Timothy K. McMorrow, Chief Appellate Attorney, and Vicki L. Seidl, Assistant Prosecuting Attorney, for the people.
Jeffrey P. Kirchhoff, Grand Rapids, for the defendant on appeal.
Before: MARK J. CAVANAGH, P.J., and HOEKSTRA and GAGE, JJ.
HOEKSTRA, J.
In this case, this panel is called on to review a state trial court's decision to suppress evidence seized under a federal search warrant but used in a state prosecution. The lower court suppressed the evidence because the federal warrant did not recite the basis for probable cause or have attached to it the affidavit in support of probable cause, as required by state statute, M.C.L. § 780.654; MSA 28.1259(4). No affidavit was attached because federal law contains no such requirement, and a federal magistrate had ordered the affidavit sealed. Because I find that our Supreme Court's decision in People v. Moten, 233 Mich. 169, 206 N.W. 506 (1925), requires suppression of evidence seized under these circumstances, I would affirm the lower court's decision.[1] Despite this Court's previous efforts to depart from Moten `s strict construction of Michigan's warrant statute, the dated Supreme Court decision remains good law. Nevertheless, I urge our Supreme Court to reconsider this matter, but, until it does, I feel I must apply its decision in Moten. Further, because I am following authority that supersedes holdings of this Court, I do not believe that I am required to declare a conflict under MCR 7.215(H).
Neither party disputes the essential facts of this case. Agents of the Federal Bureau of Investigation requested and obtained, from a federal magistrate, a search warrant authorizing agents to search defendant's place of business and her home for records that might prove defendant had defrauded her worker's compensation insurer. The search warrant, obtained under federal law, did not recite the basis for probable cause or have attached to it the affidavit in support of the warrant.
Both state and federal law enforcement agents executed the warrant. While searching defendant's home, agents discovered and seized two handguns. After completing their search, and consistent with federal procedure, agents left a copy of the *660 search warrant and a return listing the items seized. They did not leave a copy of the affidavit, and, as noted above, the warrant did not recite the basis for the probable cause supporting the warrant.
Before her trial on the state charges, defendant moved to have evidence of the handguns suppressed, arguing that the search was defective under Michigan law, because no affidavit was attached to the search warrant left at the scene as required by M.C.L. § 780.654; MSA 28.1259(4).[2] The trial court, holding that Moten, supra, controlled, reluctantly agreed and entered an order suppressing the evidence and dismissing the charges. On appeal, the prosecution argues that the trial court erred in relying on Moten without considering this Court's decision in People v. Pipok (After Remand), 191 Mich. App. 669, 479 N.W.2d 359 (1991). Defendant, on the other hand, argues that Pipok was wrongly decided because it contradicts Moten and should not be applied. Defendant further argues that because Moten remains good law as established by our Supreme Court, we are bound to apply it. I agree with defendant that Pipok was wrongly decided and that, under Moten, the evidence must be suppressed.
On appeal from a trial court's ruling to suppress seized evidence, this Court reviews the trial court's findings of fact for clear error and reviews de novo the ultimate decision. People v. Darwich, 226 Mich.App. 635, 637, 575 N.W.2d 44 (1997). Further, in a joint operation between the state and federal government, state law governs the validity of a search warrant in a state court. People v. Paladino, 204 Mich.App. 505, 507-508, 516 N.W.2d 113 (1994). Under Michigan law, the application for a search warrant must be supported by an affidavit "made on oath to a magistrate authorized to issue warrants in criminal cases." MCL 780.651(1); MSA 28.1259(1)(1). The finding of probable cause "shall be based upon all the facts related within the affidavit." MCL 780.653; MSA 28.1259(3). As noted above, in executing the warrant, the officer "shall forthwith give to the person from whom or from whose premises the property was taken a copy of the warrant and shall give to the person a copy of the tabulation upon completion." MCL 780.655; MSA 28.1259(5). The warrant form is prescribed by statute:
A search warrant shall be directed to the sheriff or any peace officer, commanding such officer to search the house, building or other location or place, where any property or other thing for which he is required to search is believed to be concealed. Each warrant shall designate and describe the house or building or other location or place to be searched and the property or thing to be seized. The warrant shall also state the grounds or the probable or reasonable cause for its issuance, or in lieu thereof, a copy of the affidavit may be attached thereto. [MCL 780.654; MSA 28.1259(4) (emphasis supplied).]
Here, officials left the warrant at defendant's home without the supporting affidavit, and the warrant itself did not state the probable cause grounds.
Under Moten, a record of the probable cause determination must be established, and a defendant must receive that record in order to know promptly the nature of the accusation being brought. Moten, supra at 173, 206 N.W. 506. Absent full compliance with the statute, the evidence should be suppressed. Id. In Pipok, supra, however, this Court attempted to distill from the revised warrant statute and Moten the general principle that a record of probable cause determination must be established so that a defendant can know the basis for the charge. *661 Pipok, supra at 673, 479 N.W.2d 359. From that general principle, this Court then concluded that where a defendant has not shown prejudice from being denied access to that record at the time of the search, "the failure of the warrant to state the grounds for issuance or to have the supporting affidavit attached did not abrogate the purpose of the statute and that the error was one of procedure not requiring suppression of the evidence." Id. In my opinion, however, Pipok was wrongly decided. Although I agree with the sentiment underlying its holding, the holding itself contradicts our Supreme Court's decision in Moten, supra at 174, 206 N.W. 506, which states in pertinent part:
In our statute the mandate is positive that the warrant shall recite all material facts alleged in the affidavit, and a statutory form of search warrant is provided indicating just where to insert the recital which the law makes an essential part of a valid warrant. Unfortunately this essential requirement was ignored. The warrant is invalid, and the evidence procured thereunder inadmissible.
The Pipok Court correctly noted that the Legislature had revised the statute in question, M.C.L. § 780.654; MSA 28.1259(4), to permit the attachment of the affidavit itself, rather than requiring the warrant to recite the facts as stated in the affidavit:
Since the court's decision in Moten, statutory law in this state has changed to permit a supporting affidavit to be attached to the warrant in place of stating the material facts, or grounds for issuance, on the warrant itself. Again, the provision is designed to guarantee that a record of probable cause is established. The Legislature has apparently recognized that the affidavit alone is sufficient to establish a record of probable cause and that it is not necessary to transcribe the material facts from the affidavit onto the warrant.[Pipok, supra at 672-673, 479 N.W.2d 359.]
To the extent that one could read Pipok to hold that its departure from Moten is justified by a change in the warrant statute, I find the decision mistaken.[3] Although this change makes it easier for officials to comply with the statute, it does not modify the mandatory nature of the statute's language. Consequently, the change in the statute's requirements does not affect the authority of the Supreme Court's holding in Moten, which clearly holds that a violation of this portion of the statute requires that the evidence be excluded.
In sum, our Supreme Court's holdings in Moten requires us to find that where the warrant relies on an attached affidavit for its statement of "the grounds or the probable or reasonable cause for its issuance"[4] and that affidavit is not attached to the warrant, "[t]he warrant is invalid, and the evidence procured thereunder inadmissible."[5] See also People v. Galnt, 235 Mich. 646, 209 N.W. 915 (1926), and People v. Bules, 234 Mich. 335, 207 N.W. 818 (1926). Under this holding, we are not free to decide if the general purpose of the statute has been satisfied.
Another panel of this Court recently reaffirmed Pipok in People v. Garvin, 235 Mich.App. 90, 597 N.W.2d 194 (1999). In that case, the police initially attached the affidavit to the warrant, but they did not leave the affidavit at the scene. Although the Garvin Court held that "a copy of the affidavit becomes part of the `copy of the warrant' that must be provided or left," it also held that the officers' failure to comply with the statute did not require suppression *662 of evidence seized pursuant to the warrant. Garvin, supra at 99, 597 N.W.2d 194. In support of this finding, the Garvin Court quoted Pipok[6] and concluded:
Thus, it follows that the failure of the police to provide or leave a copy of the affidavit as part of the copy of the warrant does not provide a basis for suppression of evidence, because Garvin ultimately has the opportunity to challenge probable cause supporting the warrant and because the requirement is merely procedural.[Garvin, supra at 99-100, 597 N.W.2d 194.]
I believe that this holding, along with that of Pipok, is in conflict with our Supreme Court's holdings in Moten, Bules, and Galnt, which we are bound to follow.[7] As the trial court noted, even though the cases requiring suppression are dated and seldom cited, they have not been overturned.
Until our Supreme Court decides to revisit this issue, I feel compelled to follow its precedent. However, I disagree with the result reached in Moten. While this particular statutory provision generally relates to a constitutional right, the specific portion of the statute requiring a recitation of the basis for probable cause or the attachment of the affidavit only barely relates to the substantive right the Legislature is seeking to protect. The requirement is more of a ministerial duty than a right. Consequently, were I able, I would hold that defendant must show some prejudice before the trial court suppresses the evidence seized using a statutorily defective warrant. In this case, for example, defendant was eventually afforded a chance to contest the basis for the warrant. I am unable to see how defendant was put at a disadvantage by being forced to delay her arguments until the parties obtained a copy of the federal affidavit. I think it is especially important that defendant be forced to show some level of prejudice given that the warrant met all the requirements of the federal warrant statute. Here, I find it necessary to exclude the evidence in question because the state warrant requirements differ from federal warrant requirements. Neither party has argued that the federal warrant requirements are unconstitutional, so it seems that I am forced to declare a search invalid because the ministerial duties associated with executing a federal warrant differ from those associated with executing a state warrant, a result I hope our Supreme Court will find equally unsettling.
Affirmed.
MARK J. CAVANAGH, P.J.
I concur in the result only.
GAGE, J. (dissenting).
I respectfully dissent from the lead opinion's affirmation of the trial court's suppression of evidence seized from defendant's home. I believe that People v. Pipok (After Remand), 191 Mich.App. 669, 479 N.W.2d 359 (1991), controls the outcome in this case and that this case is distinguishable from People v. Moten, 233 *663 Mich. 169, 206 N.W. 506 (1925), and its progeny.
Both Moten, id. at 173-174, 206 N.W. 506, and Pipok, supra at 672, 479 N.W.2d 359, recognized that the Legislature enacted the provision currently designated M.C.L. § 780.654; MSA 28.1259(4), formerly 1917 PA 338, primarily to require that law enforcement officials make a record of the determination of probable cause in order to assure that this determination was made on proven facts and not opinions. The provision in effect at the time the Supreme Court decided Moten contemplated that the only manner by which law enforcement officials could satisfy this objective constituted recitation of all the probable cause affidavit's material facts within the search warrant itself. Moten, supra at 172, 206 N.W. 506. Subsequently, the Legislature relaxed the requirement that officials repeat on the face of the warrant all the facts supporting a finding of probable cause, permitting officials instead to simply attach to the warrant the affidavit in support of probable cause. MCL 780.654; MSA 28.1259(4). In light of the Legislature's expansion of the permissible statutory methods for incorporating the facts supporting a finding of probable cause, I disagree with the majority's reliance on the Moten Court's analysis of the preamendment statute.
I agree with the panels of this Court that have addressed the current statute and concluded that the mere failure to attach the required affidavit does not by itself demand suppression of evidence seized pursuant to the warrant. See People v. Garvin, 235 Mich.App. 90, 99-100, 597 N.W.2d 194 (1999). The Court in Pipok, supra at 673, 479 N.W.2d 359, determined that under the circumstances in that case, any error in this respect was merely procedural:
In this case, there is an affidavit setting forth the facts on which the federal magistrate's determination of probable cause was based. Defendants do not argue that the affidavit was insufficient to establish probable cause, and they do not articulate any prejudice that resulted from the noncompliance with § 4. Furthermore, defendants were furnished copies of the affidavit before the preliminary examinations and had the opportunity at those hearings to challenge probable cause supporting the search warrant. We therefore conclude that the failure of the warrant to state the grounds for issuance or to have the supporting affidavit attached did not abrogate the purpose of the statute and that the error was one of procedure not requiring suppression of the evidence. See People v. Myers, 163 Mich.App. 120, 413 N.W.2d 749 (1987)[[1]]People v. Tennon, 70 Mich.App. 447, 245 N.W.2d 756 (1976).[[2]]
This Court recently reaffirmed the Pipok Court's analysis in Garvin, supra at 100-101, 597 N.W.2d 194.
We strongly agree with the pertinent holding [that, as a matter of Michigan law, a mere failure to attach an affidavit to a search warrant does not require the suppression of evidence seized pursuant to that warrant] by the Pipok Court. It is one thing, under certain circumstances, to order the drastic remedy of suppressing highly relevant evidence to *664 enforce the fundamental constitutional guarantees against unreasonable searches and seizures of U.S. Const., Am. IV and Const. 1963, art. 1, § 11. It is quite another to extend the exclusionary rule to a technical deficiency, such as failing to provide or leave a copy of an affidavit in connection with the exercise of a reasonable search in which the law enforcement officers executing the search provide a copy of the search warrant itself, thereby providing notice that the search has been judicially authorized.
The Garvin Court concluded that because the defendant ultimately has the opportunity to challenge probable cause supporting the warrant and because the affidavit requirement is merely procedural, the failure of the police to provide or leave a copy of the affidavit as part of the copy of the warrant did not provide a basis for suppression of the evidence seized. Id. at 99-100, 597 N.W.2d 194.
In the instant case, while defendant received a copy of the federal search warrant, no one left her a copy of the supporting affidavit because a federal magistrate had placed it under seal. The warrant itself satisfied federal requirements, and defendant does not contend that these federal requirements are unconstitutional. Although defendant was not provided the affidavit before her preliminary examination, she eventually obtained a copy of the affidavit and clearly had the opportunity to challenge the basis for the warrant. Under these circumstances, I agree with the lead opinion that "I am unable to see how defendant was put at a disadvantage by being forced to delay her arguments until the parties obtained a copy of the federal affidavit." Ante at 662. In the absence of any prejudice to defendant arising from the officials' failure to attach the affidavit to the warrant, I would find that this technical, nonconstitutional, statutory deficiency does not by itself warrant invocation of the exclusionary rule. Garvin, supra at 99-101, 597 N.W.2d 194.
The fact that evidence was obtained pursuant to a defective warrant does not necessarily mandate suppression. Deterrence is the sole reason for the exclusionary rule. United States v. Leon, 468 U.S. 897, 916-918, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); Stone v. Powell, 428 U.S. 465, 486-487, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). The conduct of the officers in this case had absolutely no effect on Ms. Sobczak-Obetts' Fourth Amendment rights. The United States Supreme Court has recognized the high "costs of applying the exclusionary rule," which include rendering unavailable reliable and highly probative information concerning a defendant's guilt or innocence, "deflect[ing] the truthfinding process and often free[ing] the guilty." Id. at 489-490, 96 S.Ct. 3037. "The disparity in particular cases between the error committed by the police officer and the windfall afforded a guilty defendant by application of the rule is contrary to the idea of proportionality that is essential to the concept of justice." Id. at 490, 96 S.Ct. 3037. I believe that excluding the seized evidence solely on the basis that the warrant lacked the statutorily required attached affidavit represents a disproportionate windfall for defendant, and an unjust result.
I would reverse and remand.
NOTES
[1] In Boyd v. W.G. Wade Shows, 443 Mich. 515, 523, 505 N.W.2d 544 (1993), our Supreme Court wrote:

As the Court of Appeals repeatedly noted, it is the Supreme Court's obligation to overrule or modify case law if it becomes obsolete, and until this Court takes such action, the Court of Appeals and all lower courts are bound by that authority. While the Court of Appeals may properly express its belief that a decision of this Court was wrongly decided or is no longer viable, that conclusion does not excuse the Court of Appeals from applying the decision to the case before it. [Citations omitted.]
[2] Recently, this Court held that, under M.C.L. § 780.654; MSA 28.1259(4), the attached affidavit is part of the warrant. People v. Garvin, 235 Mich.App. 90, 99, 597 N.W.2d 194 (1999). Although I ultimately disagree with Garvin, we agree with its determination that the affidavit becomes part of the warrant that must be served and left behind.
[3] I do not mean to suggest, however, that I interpret Pipok to hold that the revised statute permitted this Court to deviate from our Supreme Court's holding in Moten. Rather, I acknowledge that the Pipok Court's reason for mentioning that the statute was revised is not clear, and one might attempt to justify the decision to depart from Moten by pointing out that the statute in question has been revised since Moten was issued.
[4] MCL 780.654; MSA 28.1259(4).
[5] Moten, supra at 174, 206 N.W. 506.
[6] "In this case, there is an affidavit setting forth the facts on which the federal magistrate's determination of probable cause was based. Defendants do not argue that the affidavit was insufficient to establish probable cause, and they do not articulate any prejudice that resulted from the noncompliance with [MCL 780.654; MSA 28.1259(4)]. Furthermore, defendants were furnished copies of the affidavit before the preliminary examinations and had the opportunity at those hearings to challenge probable cause supporting the search warrant. We therefore conclude that the failure of the warrant to state the grounds for issuance or to have the supporting affidavit attached did not abrogate the purpose of the statute and that the error was one of procedure not requiring suppression of the evidence." [Garvin, supra at 99, 597 N.W.2d 194, quoting Pipok, supra at 673, 479 N.W.2d 359.]
[7] I note that the Court in Garvin did not cite Moten, but instead merely accepted Pipok as authority for its conclusion. As noted above, I find Pipok to have been wrongly decided.
[1] Myers held that when the defendant received substantially all the information relevant to the search parameters through the affidavit for the search warrant and no apparent harm or prejudice to the defendant occurred, the failure of the police to leave the defendant a copy of the warrant itself, as required by M.C.L. § 780.655; MSA 28.1259(5), represented a hypertechnical defect not requiring suppression of the evidence seized.
[2] Tennon held that a police officer's failure to tabulate items seized in the presence of the defendant, as required by M.C.L. § 780.655; MSA 28.1259(5), did not qualify as constitutional error requiring application of the exclusionary rule when the defendant signed the tabulation, presumably knew of its contents, and made no objection to the items on the list.