PEOPLE v CHAPIN

Docket No. 226419. Submitted October 10, 2000, at Grand Rapids. Decided December 26, 2000, at 10:00 A.M.

Daniel D. Chapin was charged in the 77th District Court with possession with intent to deliver or manufacture more than twenty, but less than two hundred, marijuana plants and with being a convicted felon in possession of a firearm. He moved to suppress evidence obtained through the execution of a search warrant, arguing that the police who searched his home while he was not there failed to comply with MCL 780.655; MSA 28.1259(5) because, although they left a copy of the warrant and the tabulation of the items taken, they did not leave a copy of the affidavit in support of the warrant. The district court, Susan H. Grant, J., granted the motion. The Mecosta Circuit Court, Lawrence C. Root, J., affirmed on appeal. The prosecution appealed to the Court of Appeals by leave granted.

The Court of Appeals *held*:

The requirement in MCL 780.654; MSA 28.1259(4) that a search warrant state the probable cause for its issuance or have a copy of the affidavit in support of the search warrant attached to it is incorporated in MCL 780.655; MSA 28.1259(5), which requires an officer taking property under the warrant either to give to the person from whom the property was taken a copy of the warrant and a copy of the tabulation or to leave the copies at the place from which the property was taken. Thus, where, as here, the probable cause for the issuance of the warrant is not stated in the warrant itself but in the affidavit in support of the warrant, a copy of the affidavit must be given or left. Violation of the statutory requirement that a statement of probable cause be given or left renders the search warrant invalid and requires suppression of the evidence obtained in the execution of the warrant.

Affirmed.

Hood, J., dissenting, stated that the plain language of MCL 780.655; MSA 28.1259(5) requires that a copy of the search warrant and a copy of the tabulation be given or left, but does not require that a copy of the supporting affidavit be given or left. The Legislature's omission of the supporting affidavit from the items that must be delivered under MCL 780.655; MSA 28.1259(5) must be con-

strued as intentional, not inadvertent. The Legislature may have sought to protect sources of information who can be identified in affidavits from those whose property is seized pursuant to warrants. The fact that a copy of an affidavit is not given or left does not hamper a challenge to the probable cause determination because the affidavit and the warrant will be made available if criminal charges are filed.

SEARCHES AND SEIZURES — WARRANTS — AFFIDAVITS.

A copy of an affidavit in support of a search warrant, in addition to a copy of the warrant and a copy of the tabulation of the items taken, must either be given to the person from whom property is taken pursuant to the warrant or be left at the place from which property is taken pursuant to the warrant where the warrant itself does not include a statement of the probable cause for issuance of the warrant; failure to do so renders the warrant invalid and requires suppression of evidence obtained in the execution of the warrant (MCL 780.654, 780.655; MSA 28.1259[4], 28.1259[5]).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Peter M. Jaklevic*, Prosecuting Attorney, and *J. Nicholas Bostic*, Chief Assistant Prosecutor, for the people.

*Michael P. Mathews*, for the defendant on appeal.

Before: FITZGERALD, P.J., and HOOD and McDONALD, JJ.

FITZGERALD, P.J. The prosecutor appeals by leave granted the order granting defendant's motion to suppress evidence. We affirm.

Defendant's ex-girlfriend and the mother of his child contacted police and disclosed that defendant was growing marijuana plants in his home. A search warrant was obtained and executed. During the execution of the search warrant, seventy-five marijuana plants were discovered. Police also recovered rolling papers, scales, a wooden pipe, a semiautomatic shotgun, and rounds of ammunition. Defendant was not at

home at the time of the search. Upon completion of the search, a copy of the search warrant and a copy of the tabulation were left at the home. A copy of the affidavit in support of the search warrant was available, but not left at the home. The police indicated that the prosecutor specifically requested that they not leave a copy of the affidavit. As a result of the execution of the search warrant, defendant was charged with possession with intent to deliver or manufacture twenty marijuana plants or more but fewer than two hundred plants, MCL 333.7401(2)(d)(ii); MSA 14.15(7401)(2)(d)(ii), and possession of a firearm by a person convicted of a felony. MCL 750.224f; MSA 28.421(6).[1] At the time of the preliminary examination, there was no indication that the warrant and tabulation had been filed with the court. Defendant moved for suppression of the evidence on the basis of the procedural failure of officers to leave a copy of the affidavit with the warrant and failure to file the warrant and tabulation with the court at the time of the preliminary examination. Defendant's challenge was limited to the procedural action of the police and did not take issue with the probable cause necessary to issue the warrant. The district court granted the motion to suppress, and that holding was affirmed on appeal to the circuit court. We granted the prosecutor's application for leave to appeal.

In *People v Moten*, 233 Mich 169, 170; 206 NW 506 (1925), the defendant was convicted of unlawfully having in his possession intoxicating liquor, specifically "moonshine whisky." The evidence against the

---

[1] Defendant was also charged with being an habitual offender, second offense, MCL 769.10; MSA 28.1082, for a prior delivery/manufacture conviction under MCL 333.7401(2); MSA 14.15(7401)(2).

defendant was obtained by an executed search warrant. The search warrant indicated the place to be searched, but merely specified that the home was owned by "John Doe," real name unknown, and provided that the home was used as a place for the unlawful sale of intoxicating liquors. The premises were owned by the defendant. On appeal, the defendant took issue with the specific grounds alleged in the search warrant itself. The affidavit in support of the search warrant provided that the affiant believed and had good cause to believe that illegal liquor was stored on the premises. *Id.* The affiant allegedly searched an individual and then gave the individual $1 to purchase whisky. The individual went into the defendant's home with the $1 and returned with moonshine whisky. However, the search warrant did not recite the material facts alleged in the affidavit. At the time of the search warrant, the pertinent statute provided that "the warrant for search shall . . . recite all of the material facts alleged in the affidavit." The statute also set forth the form of the warrant. Specifically, the warrant had to reference an affidavit and repeat the allegations of the affidavit *within* the search warrant. *Id.* at 171-172.

Our Supreme Court held that suppression of the evidence was required for failure to comply with the technical requirements of the form of the warrant. Specifically, the Court held:

> In our statute the mandate is positive that the warrant shall recite all material facts alleged in the affidavit, and a statutory form of search warrant is provided indicating just where to insert the recital which the law makes an essential part of a valid warrant. Unfortunately, this essential require-

ment was ignored. The warrant is invalid, and the evidence procured thereunder inadmissible. [*Id.* at 174.]

The Court also held that a record of the probable cause determination must be established so that the defendant can be informed of the basis for the charge. *Id.* at 171-173. See also *People v Galnt*, 235 Mich 646; 209 NW 915 (1926), and *People v Bules*, 234 Mich 335; 207 NW 818 (1926).

Since *Moten*, the statutes governing the issuance of a search warrant and the contents of the affidavit in support have been recodified. MCL 780.654; MSA 28.1259(4) provides that the warrant shall contain the grounds or the probable cause or, in lieu thereof, attach a copy of the affidavit:

A search warrant shall be directed to the sheriff or any peace officer, commanding such officer to search the house, building or other location or place, where any property or other thing for which he is required to search is believed to be concealed. Each warrant shall designate and describe the house or building or other location or place to be searched and the property or thing to be seized. *The warrant shall also state the grounds or the probable cause or reasonable cause for its issuance, or in lieu thereof, a copy of the affidavit may be attached thereto.* [Emphasis added.]

In the present case, defendant did not take issue with the individual requirements of § 4. Rather, defendant took issue with the provisions of MCL 780.655; MSA 28.1259(5), which provide in pertinent part:

When an officer in the execution of a search warrant finds any property or seizes any of the things for which a search warrant is allowed by this act, the officer, in the presence of the person from whose possession or premises the property or thing was taken, if present, or in the pres-

ence of at least 1 other person, shall make a complete and accurate tabulation of the property and things so seized. *The officer taking property or other things under the warrant shall forthwith give to the person from whom or from whose premises the property was taken a copy of the warrant and shall give to the person a copy of the tabulation upon completion, or shall leave a copy of the warrant and tabulation at the place from which the property or thing was taken. He shall file the tabulation promptly with the court or magistrate.* The tabulation may be suppressed by order of the court until the final disposition of the case unless otherwise ordered. [Emphasis added.]

At the time *Moten* was decided, the statute *required* that the allegations of the affidavit be repeated within the search warrant. Following the amendment of § 4, however, the statute provides that the warrant shall state the grounds or the probable or reasonable cause *or*, in lieu thereof, a copy of the affidavit may be attached thereto. Under both versions of the statute, the requirement exists that the warrant, whether in the body of the warrant itself or by affidavit attached thereto, must state the grounds or the probable cause for its issuance.

In the present case, defendant argued, and the lower courts agreed, that the statutory requirements of § 4 are incorporated within the delivery provisions of § 5. We agree.

Statutory interpretation presents a question of law that we review de novo. *People v Clay*, 239 Mich App 365, 369; 608 NW2d 76 (2000). The function of a reviewing court resolving disputed interpretations of statutory language is to effectuate the legislative intent. *People v Valentin*, 457 Mich 1, 5; 577 NW2d 73 (1998). When the language of the statute is clear, the Legislature intended the meaning plainly expressed,

and the statute must be enforced as written. *Id.* Technical words and phrases, such as those words that may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to the appropriate meaning. MCL 8.3a; MSA 2.212(1). We presume that every word has some meaning, and we must avoid any construction that would render any part of the statute surplusage or nugatory. *People v Borchard-Ruhland,* 460 Mich 278, 285; 597 NW2d 1 (1999).

Here, MCL 780.654; MSA 28.1259(4) provides that the search warrant must contain the basis of probable cause within the document itself or, in lieu thereof, a copy of the affidavit may be attached thereto. The plain language of § 4 provides that if the basis for probable cause is not included in the search warrant, the affidavit *must* be attached to the search warrant. Indeed, in *People v Garvin,* 235 Mich App 90, 98-99; 597 NW2d 194 (1999), the Court stated:

> [B]ecause the Legislature did not plainly express whether a copy of the affidavit necessarily becomes part of the "copy of the warrant" that must be provided or left pursuant to MCL 780.655; MSA 28.1259(5), it is not clear from the plain language of these statutory provisions whether a copy of the affidavit must be left with a copy of the warrant after the search has been completed. Nevertheless, given that the Legislature has phrased as a general requirement that a warrant state the probable cause (or other grounds) for its issuance and that the copy of the warrant provided or left by law enforcement officers should include a statement of the probable cause for its issuance, we conclude that where a supporting affidavit is used in lieu of a statement of probable cause in the warrant, as authorized by MCL 780.654; MSA 28.1259(4), then a copy of the affidavit becomes part of the "copy of the warrant" that must be provided or left pursuant to MCL 780.655; MSA 28.1259(5).

Thus, despite recodification of the statute, *Garvin* is consistent with the Supreme Court's pronouncement in *Moten*, *Bules*, and *Galnt* that the material facts in support of the issuance of a search warrant must be included with the search warrant. The prosecutor argues that *Garvin's* requirement that a probable cause affidavit be attached to the warrant was not the law when the search in this case was executed. The prosecutor is correct that *Garvin* was released for publication the day after the search in this case. However, judicial decisions generally warrant complete retroactive effect. *People v Doyle*, 451 Mich 93, 104; 545 NW2d 627 (1996). Prospective application applies to decisions overruling case law that is clear and uncontradicted. *Id.* *Garvin* was not such a case.

Nonetheless, in *Garvin* the Court held that the failure of law enforcement officers to comply with the statutory requirement to attach a copy of the affidavit to the copy of the warrant provided or left does not require suppression of the evidence seized pursuant to the warrant because the requirement is merely procedural. See also *People v Pipok (After Remand)*, 191 Mich App 669; 479 NW2d 359 (1991). However, *Garvin's* holding is inconsistent with the Supreme Court's pronouncement in *Moten*, *Galnt*, and *Bules* that violation of the statutory requirement that the search warrant state the grounds or the probable cause for issuance of the search warrant renders the warrant invalid and requires suppression of the evidence. Because *Moten*, *Galnt*, and *Bules* remain good law, we must follow their precedent. Thus, because officials left the warrant at defendant's home without the supporting affidavit, and the warrant itself did not state the prob-

able cause grounds, the circuit court properly suppressed the evidence.[2] See *People v Sobczak-Obetts*, 238 Mich App 495, 498; 606 NW2d 658 (1999).

Affirmed.

MCDONALD, J., concurred.

HOOD, J. (*dissenting*). I must respectfully dissent because my reading of the current affidavit and warrant requirements does not comport with the conclusion reached by the majority.

MCL 780.653; MSA 28.1259(3) sets forth the contents of the affidavit. Specifically, the magistrate is to consider all the information relayed in the affidavit and that information may be provided by a named or unnamed person. MCL 780.651; MSA 28.1259(1) addresses the issuance of the search warrant. This statute provides, in relevant part:

> (1) When an affidavit is made on oath to a magistrate authorized to issue warrants in criminal cases, and the affidavit establishes grounds for issuing a warrant pursuant to this act, the magistrate, if he or she is satisfied that there is probable cause for the search, shall issue a warrant to search the house, building, or other location or place where the property or thing to be searched for and seized is situated.

Additionally, MCL 780.654; MSA 28.1259(4) provides that the warrant shall contain the grounds or the

---

[2] We note that the district court's opinion in this case states that, before *Garvin* and the present investigation, both the Mecosta County prosecutor's office and the Central Michigan Enforcement Team had been chastised in previous cases for failing to attach the probable cause affidavit to the warrant and that those warrants were invalidated and the evidence suppressed.

probable cause or, in lieu thereof, attach a copy of the affidavit:

> A search warrant shall be directed to the sheriff or any peace officer, commanding such officer to search the house, building or other location or place, where any property or other thing for which he is required to search is believed to be concealed. Each warrant shall designate and describe the house or building or other location or place to be searched and the property or thing to be seized. *The warrant shall also state the grounds or the probable or reasonable cause for its issuance, or in lieu thereof, a copy of the affidavit may be attached thereto.* [Emphasis added.]

In the present case, defendant does not take issue with the individual requirements of MCL 780.654; MSA 28.1259(4). Rather, defendant takes issue with the provisions of MCL 780.655; MSA 28.1259(5):

> When an officer in the execution of a search warrant finds any property or seizes any of the other things for which a search warrant is allowed by this act, the officer, in the presence of the person from whose possession or premises the property or thing was taken, if present, or in the presence of at least 1 other person, shall make a complete and accurate tabulation of the property and things so seized. *The officer taking property or other things under the warrant shall forthwith give to the person from whom or from whose premises the property was taken a copy of the warrant and shall give to the person a copy of the tabulation upon completion, or shall leave a copy of the warrant and tabulation at the place from which the property or thing was taken. He shall file the tabulation promptly with the court or magistrate.* The tabulation may be suppressed by order of the court until the final disposition of the case unless otherwise ordered. The property and things so seized shall be safely kept by the officer so long as necessary for the purpose of being produced or used as evidence on any trial. As soon as practicable after trial, stolen or embezzled property shall be restored to the owner

thereof. Other things seized under the warrant shall be disposed of under direction of the court or magistrate, except that moneys and other useful property shall be turned over to the state, county or municipality, the officers of which seized the property under the warrant. Such moneys shall be credited to the general fund of the state, county or municipality. [Emphasis added.]

Review of the statutes at issue reveals that *People v Moten*, 233 Mich 169; 206 NW 506 (1925), does not govern this case. The issue in *Moten* involved the statutory requirements that must be contained within a search warrant, now codified at MCL 780.654; MSA 28.1259(4). The defendant in *Moten* never took issue with the delivery of the search warrant that was left at the home; rather, he took issue with the contents of the search warrant itself. In the present case, defendant, in effect, argues that the statutory requirements of MCL 780.654; MSA 28.1259(4) are incorporated within the delivery provisions of MCL 780.655; MSA 28.1259(5). I disagree.

As the majority opinion notes, statutory interpretation presents a question of law that we review de novo. *People v Nimeth*, 236 Mich App 616, 620; 601 NW2d 393 (1999). The function of a reviewing court resolving disputed interpretations of statutory language is to effectuate the legislative intent. *People v Valentin*, 457 Mich 1, 5; 577 NW2d 73 (1998). When the language of the statute is clear, the Legislature intended the meaning plainly expressed, and the statute must be enforced as written. *Id.* Technical words and phrases, such as those words that may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to the appropriate meaning. MCL 8.3a; MSA 2.212(1). We

presume that every word has some meaning, and we must avoid any construction that would render any part of the statute surplusage or nugatory. *People v Borchard-Ruhland*, 460 Mich 278, 285; 597 NW2d 1 (1999). The omission of a provision from one part of a statute that is included in another part of a statute must be construed as intentional. That is, we "cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute, and then, on the basis of that assumption, apply what is not there." *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993).

In the present case, MCL 780.654; MSA 28.1259(4) provides that the search warrant must contain the basis of probable cause within the document or, in lieu thereof, a copy of the affidavit may be attached thereto. Defendant does not dispute that at one time, the two documents, the search warrant and the supporting affidavit, were both available. Indeed, Sergeant John Terry testified, during the preliminary examination, that he left a copy of the search warrant at the home, but did not leave the affidavit at the home at the request of the prosecutor.[1] Defendant's challenge then involves MCL 780.655; MSA 28.1259(5), which provides, as previously stated, in relevant part:

> The officer taking property or other things under the warrant shall forthwith give to the person from whom or from whose premises the property was taken a copy of the warrant and shall give to the person a copy of the tabulation

---

[1] There is some indication that the prosecutor had been advised against this procedure on other occasions. While I would never condone deliberately ignoring any order by the trial court, this does not affect the assessment of the statutes involved.

upon completion, *or shall leave a copy of the warrant and tabulation at the place from which the property or thing was taken. He shall file the tabulation promptly with the court or magistrate* . . . . [Emphasis added.]

Pursuant to the plain language of this statute, the officer is only required to leave a copy of the search warrant itself and a copy of the tabulation.[2] Defendant does not dispute that those documents were left. Rather, defendant contends that a copy of the affidavit should have been included as well because the search warrant did not contain a basis for probable cause on its face. In effect, defendant seeks to incorporate the language of MCL 780.654; MSA 28.1259(4) into MCL 780.655; MSA 28.1259(5). In my opinion, the rules of statutory construction preclude us from doing so. One must presume that the Legislature intended that the search warrant without the supporting affidavit be left, even in the absence of a probable cause statement on the face of the warrant itself. *Farrington, supra*. The failure to include the requirement that an affidavit in support of the search warrant be left at the home may be an intentional omission to protect members of the general public. An affidavit in support of probable cause to support issuance of a warrant may contain the name of the person that provided the basis for the search. MCL 780.653(a); MSA 28.1259(3)(a). Therefore, if police left the affidavit with the name of the source at the residence of the individual whose items were seized, the individual is

---

[2] MCL 780.654; MSA 28.1259(4) treats the search warrant and the affidavit as two different things, and there is no defining language in MCL 780.654; MSA 28.1259(4) to indicate that the term "search warrant" alone may refer to both the search warrant and the affidavit. See MCL 8.3a; MSA 2.212(1).

not under arrest at that time and may take the opportunity to exact revenge on the named source.

The underlying purpose of *Moten* is still preserved within the provisions of MCL 780.654; MSA 28.1259(4). That is, a record of the judgment of probable cause is preserved within the warrant itself or in the affidavit. This *record* will be available for the individual's review should the seizure of items result in the filing of criminal charges based on the search. However, MCL 780.655; MSA 28.1259(5), perhaps wisely, does not require that the affidavit, which may name a potential source, be placed in the hands of an unarrested individual whose property has been seized.[3]

Once it is accepted that *Moten* is not controlling, some perceived conflict with prior decisions of this Court either does not exist or is distinguishable. First, it should be noted that *People v Sobczak-Obetts*, 238 Mich App 495; 606 NW2d 658 (1999), is without precedential value because a majority of the judges concurred in the result only and did not concur in the rationale underlying the decision. Where a majority reaches a decision, but does not agree on the underlying reasoning, no point of law is established by the decision. *Fogarty v Dep't of Transportation*, 200 Mich App 572, 574; 504 NW2d 710 (1993).[4] Additionally, the

---

[3] In the present case, there were allegations of domestic violence by defendant against the source of the information that served as the basis for issuance of the search warrant. Arguably, the failure to leave the affidavit in support of the search warrant was designed to provide the source with some protection until a warrant was issued for defendant's arrest and he could be apprehended.

[4] In any event, even if the *Sobczak-Obetts* majority had concurred in the underlying rationale for the decision, it is distinguishable because it does not address the statute at issue here.

decision of *People v Pipok (After Remand)*, 191 Mich
App 669; 479 NW2d 359 (1991), is not controlling
because it involved the statutory interpretation of
MCL 780.654; MSA 28.1259(4), not the statute at issue
here. Instead, this case is *factually* in accordance
with the decision of *People v Garvin*, 235 Mich
App 90; 597 NW2d 194 (1999).[5] Both cases address
the issue of an alleged technical failure to comply
with MCL 780.655; MSA 28.1259(5), and the *Garvin*
Court concluded that that failure did not require sup-
pression of the evidence. The *Garvin* decision was
criticized and deemed wrongly decided for its failure
to address the *Moten* decision. *Sobczak-Obetts, supra*
at 502-503. However, as indicated, when the actual
language of the statute addressed in *Moten* is traced,
one concludes that the statute was recodified at MCL
780.654; MSA 28.1259(4). The issue before this panel
and the *Garvin* Court concerned MCL 780.655; MSA
28.1259(5), a statute not addressed by the *Moten*
Court. Accordingly, the precedent of *Moten* would not
be disregarded in reaching this holding.

I therefore conclude that the provisions of MCL
780.655; MSA 28.1259(5) do not require automatic
suppression of evidence, taken pursuant to a valid
search warrant, on the basis of the technical failure
to leave the affidavit *with the warrant* at the home of
the individual whose property was seized. As was

---

[5] The language of *Garvin* cited in the majority opinion is dictum and
does not affect the conclusion that I have reached. *People v Squires*, 240
Mich App 454, 458; 613 NW2d 361 (2000). The *Garvin* Court found that
the statutory language was not plainly expressed, but then failed to apply
the rules of statutory construction to determine the legislative intent.
Because the search warrant and the affidavit are referred to as separate
documents, it is erroneous to treat them as one and the same for pur-
poses of MCL 780.655; MSA 28.1259(5). See MCL 8.3a; MSA 2.212(1).

noted in *Garvin, supra,* defendant is in no way deprived of an opportunity to challenge probable cause supporting the warrant, and the affidavit requirement itself is procedural.[6] The suppression was erroneous.

I would reverse.

---

[6] It is also noted that at the time of the preliminary examination, the tabulation was not filed with the court or the magistrate. However, MCL 780.655; MSA 28.1259(5) does not place an exact time frame on the filing. It merely requires that the filing should occur "promptly." While suppression is a drastic remedy to enforce the constitutional guarantees against unreasonable searches and seizures, US Const, Am IV, and Const 1963, art 1, § 11, we will not extend the exclusionary rule to a technical deficiency, *Garvin, supra* at 100-101, where defendant has failed to identify any prejudice as a result of a technical deficiency that could be cured upon notice of the deficiency.